### GEORGE H. WINSOR v. BYRON GODDARD, et al.

[The principles of law enunciated, and reason given, in the case of *Winsor v. Cole*, ante, p. 620, reaffirmed.]

*Error from Sumner District Court.*

GODDARD & GODDARD, as plaintiffs, recovered a judgment before a justice of the peace. *Winsor* removed the case to the district court by petition in error, where the judgment of the justice, at the April Term 1872, was affirmed. *Winsor* now brings the case here on error.

*John Guthrie,* for plaintiff in error.

*Pendery & Goddard,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced originally before a justice of the peace by Byron S. Goddard and George W. Goddard as plaintiffs against George H. Winsor, to recover damages to the amount of $295 claimed to have been sus-

tained by said plaintiffs by reason of the cattle of the defendant Winsor "feeding upon, eating up and destroying corn and pumpkins growing, grown, and standing upon the N.E.¼ of sec. 30, and the N.W.¼ of sec. 32, all in township 32 south, range 2 east of the sixth principal meridian, in Sumner county, during the spring, summer and autumn of 1871." The questions of law and fact involved in this case are almost identical with those involved in the case of *Winsor v. Cole,* just decided, (*ante,* 620.) About the only differences between the two cases are the following: In this case the defendant's cattle ate up and destroyed "corn and *pumpkins, growing, grown* and standing upon" certain premises *not shown or claimed to have been owned by the plaintiffs or by any one else,* "during the *spring, summer, and autumn* of 1871." In the other case the defendant's cattle ate up and destroyed "corn and *squashes* standing and *being* upon the *plaintiff's premises,*" "during the *month of October* 1871."

In this case the record shows that the justice appointed the special constable who served the original writ about one month before this suit was commenced, while in the other case no such appointment is shown.

We do not think it is necessary to consider whether said appointment is valid or not, for in this case (as in the other case) there is nothing to show that the constable was not appointed specially to serve the summons issued in this case. The transcript does not purport to contain all the proceedings of the justice. For the reasons given in the other case the judgment of the court below in this case must be affirmed.

All the Justices concurring.