## GEORGE H. WINSOR v. GEORGE W. GODDARD, *et al.*

PROCEEDINGS TO SET ASIDE JUDGMENT; *Unavoidable Casualty and Misfortune.* Where the vacation of a judgment is sought on the ground that, through unavoidable casualty and misfortune the defendant in the judgment was prevented from making his defense, and where the facts are, that defendant left Sumner county, the county of his residence, to go to Miami county to be absent ten or twelve days, leaving at home his wife and eight children, (the oldest son twenty-one years old,) was detained on the way by sickness for a week, and did not return for a month, and during his absence suit was commenced before a justice, service made at his usual place of residence, judgment taken, but not taken until the fifteenth day of his absence, and the time to appeal past, and where it does not appear that any effort was made by his family to postpone, or defend the suit, or take an appeal, or communicate to defendant the fact of the suit, nor for what purpose his trip was taken, whether business or pleasure, nor why he was detained so much longer than he intended, other than by the week's sickness, *held,* that there was no unavoidable casualty or misfortune preventing the defendant from making his defense.

### *Error from Harvey District Court.*

ACTION commenced by *Winsor* as plaintiff, against *Geo. W. Goddard* and *Byron S. Goddard*, as defendants, in the district court of Sumner county, to set aside a certain judgment. The venue was changed to Harvey county, where the action was tried at the April Term 1874. The facts are sufficiently stated in the opinion. The plaintiff brings the case here on error.

*Hackney & McDonald,* for plaintiff.

*Pendery & Goddard,* for defendants.

The opinion of the court was delivered by

BREWER, J.: In the winter of 1871–2 the defendants in error obtained judgment against the plaintiff in error before one Frank Wise, a justice of the peace of Sumner county. Winsor was absent from the county at the time of the commencement of the action, and of the judgment, and for more

than ten days thereafter. Service was made at his usual place of residence. Upon his return he took the judgment up on petition in error, it being too late for an appeal. Both the district and this court affirmed the judgment, there appearing no error in the record. *Winsor v. Goddard*, 10 Kas. 625. Thereupon he commenced this action, seeking to have the judgment vacated on the ground that it was obtained by fraud on the part of the Goddards, and through unavoidable casualty and misfortune on his part. The district court, before whom the case was tried, found that there was no fraud on the part of the Goddards, and no unavoidable casualty on his part. He now alleges error. As to the charge of fraud, there is a manifest want of harmony between the testimony on the two sides. The contradiction is so strong and decided, as scarcely to be explainable upon any theory of the imperfections of memory. It is more than probable that one side or the other has willfully trespassed on the truth. The district court, with that contradiction before it, found that the charge of fraud was not made out. We cannot, under well-settled rules, reverse that finding. It is supported by clear and positive testimony.

The district court found that there was no unavoidable casualty or misfortune by which Winsor was prevented from defending before the justice. It appeared that Winsor left home on the 20th of December to go to Miami county, and did not return until the 21st of January. He was detained a week at Leroy, by sickness. This was, as he was going from his home to Miami county. He claims to have told one of the Goddards, before he left, that he intended to go and be absent ten or twelve days. On the 23d of December suit was commenced before the justice. The return-day was the 27th. On that day the plaintiffs appeared, but the defendant not appearing, the justice of his own motion continued the case to the 4th of January. Then the defendant still failing to appear, the judgment was taken. Winsor left his family at home. His family consisted of a wife and eight children, the oldest son being then twenty-one years of age. It does

not appear that any effort was made by any of them either to postpone, or defend the action, to take an appeal, or communicate to Winsor news of what was taking place. No other explanation is given of Winsor's absence than the week's detention by sickness. He says he was "otherwise detained." But whether by business, pleasure, or the difficulties of travel, we are not informed. Indeed for aught that appears, the whole trip of Winsor may have been merely for pleasure. Under those circumstances we cannot say that there was any error in the finding of the district court that there was no unavoidable casualty or misfortune which prevented him from defending.

As to the question whether the justice could enter a judgment "by default," upon the bill of particulars, it appears upon the face of the record, and should have been raised on the proceedings in error. It is not now a proper matter for consideration. We do not however mean to be understood as holding that the record carries with it necessarily the idea of a judgment rendered without any testimony, but simply that whatever of question there may be should then have been raised. The judgment must therefore be affirmed.

The case of *Winsor v. Cole* is similar, and the same order will there be entered.

All the Justices concurring.