MARY W. JOHNSON v. C. J. JONES *et al.*

No. 10297.

1. JUDGMENT BY DEFAULT — *as conclusive as if on trial.* A judgment by default based upon personal service of summons on one of the defendants, is as conclusive against such defendant, upon every matter admitted by the default, as any other kind of judgment.

2. ———— *after term, can only be set aside as other judgments may be.* Such a judgment, having been duly rendered and entered of record, and the term at which it was rendered having passed, can only be vacated or set aside at the times and in the manner provided by law.

3. ———— *answer cannot be filed nor issues be retried while judgment stands.* So long as the judgment stands, the defendant has no right to file answers raising issues finally determined by the judgment, and the court has no power to retry them.

Error from Finney District Court. Hon. A. J. Abbott, Judge. Opinion filed December 11, 1897. *Reversed.*

*Huston & McColloch*, for plaintiff in error.

*W. R. Hopkins* and *B. F. Stocks*, County Attorney, for defendants in error.

JOHNSTON, J. This was an action by Mary W. Johnson upon a promissory note for three thousand dollars executed by C. J. Jones and wife to the

Farmers' Loan & Trust Company and by that Company sold and assigned to her, and also to foreclose a mortgage, on city property, given by Jones and wife to secure the payment of the same.   A number of persons who claimed an interest in the real estate were made parties defendant, and, among them, the Board of County Commissioners of Finney County was named.

The action was begun October 30, 1890, and on the following day a summons was duly issued, which was personally served upon the Board as well as other of the defendants.   On May 29, 1891, the case came on regularly for trial, when it appeared that some of the defendants had appeared and filed answers while others had failed to appear and were in default. Among them, it was found that the Board of County Commissioners of Finney County had been personally served with summons and was in default.   There was a further finding that the averments of the petition were true ; and judgment was thereupon entered for the amount due upon the promissory note and also decreeing a foreclosure of the mortgage and a sale of the mortgaged premises.   The decree contained the usual provision barring the defendants from claiming any title or interest in the premises foreclosed.   On February 1, 1892, an application was made by the Board for leave to file an answer and cross-petition in the case, which was allowed over the objection of the plaintiff, and, on May 28, 1892, the pleading was filed, setting up that the premises in question had been dedicated for public use for courthouse purposes before the mortgage thereon was executed, and asking that the title to the property be decreed to be in the Board in trust for the use and benefit of the people of Finney County.   A motion made by plaintiff to strike this pleading from the files was overruled, and, upon testimony given at the .

trial, the court found that there had been a dedication and gave judgment in favor of the Board.

The question is presented whether the trial court could ignore the final judgment, permit a defendant duly served with summons to file an answer, form issues, and retry questions already adjudicated. Such a practice is not permissible. The judgment was final in character, and was conclusive upon the Board as to every material matter stated in the petition and submitted for determination. The term of court at which the judgment was entered had passed and several terms had intervened before an attempt was made to reopen the controversy and relitigate the question settled by the judgment. It is true the Board did not appear or answer the petition before judgment was taken, but a judgment by default is as binding upon it, as to everything admitted by the default, as any other form of judgment. Judgment having been rendered and entered of record, it must stand as the judgment of the court until it is vacated, modified, or set aside in some of the methods provided by law. So long as it stood, it was conclusive upon the defendant, and it had no right to file an answer and the court no power to retry the questions formerly adjudicated. During the term at which the judgment was rendered the court had power to vacate it, and, in its discretion, might have vacated the judgment for cause shown. If justice requires it and the parties are present the court has a wide and extended discretion in setting aside or modifying judgments, if it does so at the term at which the judgment is rendered. *The State, ex rel., v. Sowders*, 42 Kan. 312. After the term expires, the judgment passes beyond its control, and can only be vacated or set aside in the methods provided by law. No statutory proceeding was taken, nor any attempt made, to set aside the judgment, and

at the time of the subsequent trial it stood upon the records in full force and vigor; and so long as it stands, it must be held as a complete adjudication of the issues which the Board undertook to raise and an effectual bar against any claim of title or interest in the mortgaged premises. The objections, therefore, to the filing of pleadings, to the admission of testimony, and to the retrial of the cause should have been sustained; and for the error of the court in overruling these objections the judgment will be reversed and the cause remanded for further proceedings.