THE GARRETT BIBLICAL INSTITUTE V. HENRY C. MINARD et al.

No. 15,824. (100 Pac. 55.)

SYLLABUS BY THE COURT.

NOTICE — *Pendency of Action — Publication Service.* The evidence is reviewed and held to be sufficient to support the finding that the defendant, the Garrett Biblical Institute, had actual notice of the pendency of the action in time to appear in court and make its defense.

Error from Bourbon district court; WALTER L. SIMONS, judge. Opinion filed February 6, 1909. Affirmed.

*A. M. Keene,* and *E. C. Gates,* for plaintiff in error.

*W. P. Dillard,* and *W. W. Padgett,* for defendant in error Henry C. Minard.

The opinion of the court was delivered by

BENSON, J.: This was an action in ejectment, brought by Henry C. Minard against the Garrett Biblical Institute, an educational institution incorporated in Illinois, and Robert Fowler, its tenant. The service upon the institute was by publication. A judgment was rendered for the plaintiff by default in June, 1906. In the following September the institute filed its motion to open the judgment and for leave to defend. This motion, after a hearing upon affidavits, was denied, and

the institute presents the case here for a review of this order.

It appears that at the commencement of the action the institute was in possession of the land in controversy by its tenant, Robert Fowler, who was made a defendant in the action and was personally served with summons. Both parties claim the property under Henry Minard and Tirzah Minard, his wife, through their joint will and conveyances. The validity of these conflicting claims, however, is not involved in this proceeding.

From the evidence presented to the district court the following facts appear: Robert Fowler entered upon the land under a lease from Tirzah Minard, widow, in September, 1903. The lessor died in February, 1904, and her former agent directed the lessee to communicate with Dr. R. D. Sheppard, of Chicago, Ill., treasurer of the institute, which he did. After writing several letters to Doctor Sheppard, he received a letter as follows:

"R. D. Sheppard,
    Room 1402 Title & Trust Bldg.,
      100 Washington St., Chicago.

"MR. ROBERT FOWLER—Your letter of the 28th is received and contents noted. I thank you for your promptness. It is the first letter I have received from you. Others must have gone astray. I note what you say as to reductions from rent. We know nothing about them except as stated in the lease, which, as I understand it, made an allowance of $100 in view of the circumstances you state. If you have other agreements making an additional allowance of $57 we will respect any agreement made by Mrs. Minard. Meanwhile I have asked the Walnut Bank to give you a receipt on account, and the difference between the land in their hands and what the lease calls for can be adjusted by us when I am down.
                    Yours truly,
                        ROBERT D. SHEPPARD,
                    *Treasurer of Garrett Biblical Institute.*"

The rent was paid as directed, and receipts were

sent to him from Chicago, one signed by "R. D. Sheppard, treasurer," the other signed "R. D. Sheppard."

On May 25, 1905, the wife of the plaintiff, by his direction, wrote to the president of the institute that her husband claimed this land under the will of Henry Minard and wife, and asked for a quitclaim deed. To this letter the president answered May 29, 1905, saying:

"I shall forward your note immediately to Dr. R. D. Sheppard, the treasurer of the board, to whom you should address all further communications. His address is Dr. R. D. Sheppard, Title & Trust Bld'g, 100 Washington St., Chicago, Ill.

Yours very truly,

CHARLES J. LITTLE."

On June 1, 1906, the plaintiff wrote to Doctor Sheppard at the address above given, as follows:

"I have received a letter from Dr. C. J. Little in reply to my letter of May 25, in regard to certain land in Bourbon county, Kansas. Doctor Little tells me you are treasurer of the Garrett Biblical Institute and have such matters in charge. I would like to have you look into the matter at your earliest convenience and let me hear from you. I remain,

Yours truly, HENRY C. MINARD."

No answer having been received to this letter, the plaintiff's wife went to Chicago and called on Doctor Sheppard and told him of the plaintiff's claim to this land, that the plaintiff wanted possession, and would, if necessary, bring an action therefor, showing him at the same time the written opinion of the plaintiff's attorney. The secretary informed her that the trustees of the institute would soon meet, and asked her to put the plaintiff's claim to the land in writing and mail it to him that he might present it to the board, which she accordingly did, attaching thereto a copy of the opinion referred to.

Doctor Sheppard admitted in his affidavit that Mrs. Minard informed him that her husband intended to

bring a proceeding "by which it should be determined that [he] . . . should acquire the title to certain farming lands in Bourbon county, Kansas," but says that "the proceeding, as affiant now remembers it," was to be in Kendall county, Illinois, where the will was probated, for the purpose of canceling the will or to obtain a construction of it. Doctor Sheppard also testified that all proceedings to obtain an interpretation or test the validity of the will were in charge of Oliver H. Horton, an attorney of the institute, at Aurora, Ill. Mr. Horton was also president of the board of trustees of the institute while the suit was pending. On March 3, 1906, the plaintiff's wife, under his direction, wrote to Mr. Horton as follows:

"*Judge Horton, Chicago, Ill.*:

"DEAR SIR—In July, 1905, I went to see Doctor Sheppard concerning certain lands in Bourbon county, Kansas, which were willed to my husband, Mr. Henry Minard, and brother, Eugene, by joint will of Rev. Henry Minard and wife, Tirzah. After Uncle Henry's death Aunt Tirzah thought she could change the will and give land to Garrett Biblical Institute.

"What I want, and Mr. Minard wants, is to stand by the will, and I think Garrett Biblical Institute wish to stand by the will. What we want Garrett Biblical Institute to do is to give us a quitclaim deed to that land, for according to will Garrett have no title to it. Why can not this be settled out of court and save you and us court expenses?

"If it is not settled out of court we propose to take it to court and sue for quitclaim deed.

"Before going to see Doctor Sheppard I wrote him several letters but received no reply. As you are legal adviser of Garrett Biblical Institute, I write to you and hope you will favor us with a reply."

This letter was duly received by Mr. Horton.

Soon after the summons was served on Fowler, the tenant, he wrote the following letter to Doctor Sheppard, with whom he had previously corresponded about the rent:

"WALNUT, KAN., March 22, '06.

*"Doctor Sheppard:*

"DEAR SIR—I suppose you have been notified that we have been sued on this real estate which I now occupy in Bourbon county, Kansas, by Henry C. Minard, plaintiff, against the Garrett Biblical Institute, a corporation, and Robert Fowler, defendants. Now I don't understand what they are suing me for rent for. You know that I paid the rent up prompt. Now I would like to know what you are going to do, if you are going to run the suit yourself or going to hire an attorney.

"Now please answer on return mail.

Respectfully yours,<br>
R. W. FOWLER, *Walnut, Kan.,*<br>
Route 2."

To this letter the following answer was received:

"DEAR SIR—Yours of the 22d is received and contents noted. The suit of Henry C. Minard will be defended by us. If he has any rights in the property the court will determine it and you can rest easy. We think our title unassailable. If it is determined otherwise we will gracefully surrender it and will protect you from harm as our tenant. Yrs.

"March 24, 1906.                R. D. SHEPPARD."

It appears that Doctor Sheppard's term as treasurer expired April 3, 1906, when he was succeeded by Mr. Deering, who, on July 24, 1906, wrote a letter to Mr. Fowler saying, "I am advised by Doctor Sheppard, the late treasurer of the institute, that you are a tenant on this farm," and inquiring as to terms of the lease and asking that future correspondence should be with him. To this Fowler replied, giving the information asked, and saying that the quarter-section of land in controversy had been adjudged to be the property of Henry C. Minard. Mr. Deering then wrote requesting that the rent be paid to the institute, and adding: "I would be greatly obliged if you would favor me with a copy of the letter which you got from Doctor Sheppard in which he said 'he would look after the matter and attend to the suit.'" A few days later Mr. Deering renewed his request for a copy of Doctor Sheppard's letter.

Garrett v. Minard.

With the motion to open the judgment an affidavit of Doctor Sheppard was filed, made September 12, 1906, in which he testified that prior to April 3, 1906, he was the treasurer, agent and representative of the Garrett Biblical Institute, and as such had been in charge of its affairs, and that the institute, a corporation, had no notice of the pendency of the suit in time to appear and defend, and had no actual notice thereof until after judgment. Mr. Horton, the president of the board, William Deering, the secretary, and all the directors except one, who was abroad, united in affidavits denying such notice. In a later affidavit Doctor Sheppard testified that he supposed the action referred to in Mr. Fowler's letter of March 22 referred to the proceedings or suit of which Mrs. Henry C. Minard had informed him, which he supposed would be instituted in Kendall county, Illinois, and that he never told the officers or trustees of the institute that he had written the answer to Mr. Fowler of March 24, in which he had said that "the suit of Henry C. Minard will be defended by us." He also testified that the letter was written at his private office in Chicago, and not at the office of the institute in Evanston, and was not written or signed by him officially.

The foregoing are the principal facts upon which the district court refused to open the judgment.

The Garrett Biblical Institute contends that the court erred in denying the motion, under section 77 of the code of civil procedure, and contends that during the pendency of the action the corporation had no actual notice thereof in time to appear and make its defense. It is urged that the only notice was that given by the tenant on March 22, that it was insufficient because addressed to Doctor Sheppard at his private office, and to him individually, that the answer was a mere personal letter, and that in receiving and answering the letter he was not acting as treasurer of the institute; also, that these letters never reached the files of the

institute, or came to the knowledge of its officers until after the judgment. While it is true that this letter appears to have been the only actual notice of the action after it was brought, it is also true that Doctor Sheppard, the treasurer, and Judge Horton, the president and attorney of the board, had personal information that an action would be brought to establish the plaintiff's claim to this land. Besides, it appears that the plaintiff's claim was, at Doctor Sheppard's request, presented in writing to the board of trustees, accompanied by an opinion of his attorney, and must certainly have suggested to the trustees, especially to the president of the board, who was the legal adviser of the institute, that the controversy would be determined in the courts of the state where the land was situated.

The explanation that the letters of the secretary were written from his private office, and were merely personal, is not persuasive. He transacted the business relating to the care of the property from that office. In signing his name to receipts and letters on that subject, in some instances he added his title of treasurer and in others he did not. The president of the institute directed the plaintiff to address the secretary at his private office in the city. His successor as treasurer appears also to have transacted the business relative to this land from his Chicago office. That Doctor Sheppard was acting as an officer of the institute in matters committed to his charge was clearly shown by the evidence. That the claims of the plaintiff to this land were known to the proper officers of the institute can not be doubted, and the information given directly to the secretary by the tenant of the beginning of the action, when considered in connection with the claims of the plaintiff previously presented, was sufficient to authorize the finding that the corporation had actual notice of the pendency of the action.

The judgment is affirmed.