BEN A. WOOD v. IRA M. COBE *et al.*

No. 15,953.

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Prerequisite to Opening—Notice.* An indispensable prerequisite to the right to open up a judgment under section 77 of the civil code (section 83 of the new code) is that the applicant shall make it appear to the satisfaction of the court that during the pendency of the action he had no actual notice thereof in time to appear and make his defense.

2. ——— *Grounds for Opening Insufficient.* Mere oversight and inadvertence of a party in failing to make his defense at the trial of an action of which he had actual notice does not justify the opening up of the judgment under that provision of the code.

Error from Morton district court; WILLIAM H. THOMPSON, judge. Opinion filed July 3, 1909. Affirmed.

*W. H. Brown,* for the plaintiff in error.

*S. H. Allen, Otis S. Allen,* and *George S. Allen,* for the defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: In a suit to enforce a tax lien under chapter 392 of the Laws of 1901 a judgment was rendered in favor of the commissioners of Morton county declaring that there was $148.72 of delinquent taxes due to the county upon a tract of land, and foreclosing a lien thereon, and also adjudging that Ira M. Cobe was the owner of the unredeemed land. In pursuance of the judgment the land was sold and the sale confirmed. Afterward James M. Grimes and Ben A. Wood presented their application to have the judgment opened up and the excess of the proceeds of the sale paid to them. In the application it was represented that Grimes, who claimed an interest in the land, had obtained leave from the court to file an answer in the foreclosure proceeding, and that an answer was pre-

Wood v. Cobe.

pared, on which was indorsed leave to file·it out of time. It was also alleged that Wood had acquired the interest of Grimes, and that he had been substituted as defendant in the place of Grimes. There was a further allegation that by oversight and inadvertence they had failed to make any defense at the trial subsequently had. The court refused to open up the judgment, and of this ruling complaint is made.

The grounds assigned are not such as to justify the vacating or opening up of the judgment. There is a contention that the judgment was absolutely void, but there can be no doubt that there was jurisdiction of the subject-matter, and the plaintiff in error can not well say that there was no personal jurisdiction, as he and his assignor personally appeared in court many months before judgment was rendered. It is true that these parties were not served personally or by publication at the commencement of the proceeding, but their voluntary general appearance was equivalent to personal service and gave the court jurisdiction over them for all the purposes of the litigation.

However, the right to have the judgment opened appears to be claimed under section 77 of the civil code. One who insists on the opening of a judgment under that section must bring himself clearly and unequivocally within its terms. (*Satterlee v. Grubb*, 38 Kan. 234.) An indispensable prerequisite to the exercise of the right is that the party shall make it appear to the satisfaction of the court that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense. By his own showing the plaintiff in error has made it clear that he and his assignor, Grimes, had actual notice of the pendency of the action. They have shown that in the early part of the year 1905 Grimes was granted permission to file an answer in the case within fifteen days, and when that time was about to expire another leave was applied for and granted. In September, 1905, Wood, who had ac-

quired the interest of Grimes, was on application sub-
stituted for Grimes, and the judgment was not rendered
until April, 1906. The plaintiff in error states that he
has a meritorious defense but that by inadvertence and
oversight he failed to present it at the trial. The mere
oversight or inadvertence of a party is not ground for
opening up a judgment rendered in an action of which
he has had actual notice. The right invoked is for the
benefit of those against whom a judgment has been
rendered who had no actual notice of the action in time
to appear and defend, and is not available to one who
not only had actual notice but was in fact in court and
had an opportunity to defend. No such right is granted
on account of the inadvertence or neglect of a party or
his attorney.

The judgment is affirmed.