THE GARRETT BIBLICAL INSTITUTE, *Appellant*, v.
HENRY C. MINARD, *Appellee*.

No. 16,501.

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Default—Notice—Res Judicata*. A judgment by default, based on actual notice to the defendant, is as conclusive against him upon every matter admitted by the default as if he had personally appeared and contested the plaintiff's right of recovery.

2. ———— *Vacation—Fraud Must be Collateral and Extrinsic to Issue Involved*. While a judgment may be vacated and a new trial had "for fraud practiced by the successful party in obtaining it," it is such fraud as is collateral and extrinsic to the issues involved in the action and on which the judgment was founded, and hence a party against whom a judgment by default was rendered is not entitled to have the judgment set aside and the issues retried because the allegations in plaintiff's petition, which constitute the merits of the case, are alleged to be untrue.

Appeal from Bourbon district court; WALTER L. SIMONS, judge. Opinion filed April 9, 1910. Affirmed.

*A. M. Keene*, and *E. C. Gates*, for the appellant.

*W. P. Dillard*, and *W. W. Padgett*, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: On March 3, 1906, Henry C. Minard instituted an action against Robert Fowler and the Garrett Biblical Institute to recover a tract of land. Personal service was obtained on Fowler, and constructive service upon the institute. No answer was filed by either defendant, and on June 6, 1906, judgment by default was entered deciding that Minard was the owner of the land and awarding him possession of the same. On September 7, 1906, the institute applied to the court to open up the judgment and allow it to make a defense, alleging that it never had actual notice of the case nor opportunity to defend against it.

A hearing was had upon the application, wherein it was shown and found that the institute really had actual notice of the pendency of the action, and upon appeal this finding was affirmed. (*Garrett v. Minard,* 79 Kan. 470.) After the refusal to reopen the judgment the institute brought the present action, alleging again that it had not been duly summoned in the ejectment action and had no actual notice or knowledge of its pendency. It also alleged that Minard had no ownership or interest in the land when that action was begun or decided, and that the allegations in his petition as to ownership, upon which judgment was founded, were wholly false and known by him to be false when they were made, and that the court was thereby misled and the judgment in favor of Minard fraudulently obtained. Issues were joined on these averments of the petition, and upon a trial were rightly decided in favor of Minard. The judgment by default, based as it was on legal notice, was as conclusive against the institute upon every matter admitted by the default as any other kind of judgment could have been. (*Johnson v. Jones,* 58 Kan. 745.) The claim that the institute did not have actual notice of the pendency of the ejectment action was adjudicated against it upon the application to reopen the judgment. On that hearing it had full opportunity to prove this claim, but there was a finding, based on sufficient testimony, that it had actual notice of the action and a fair chance to defend against it. The question was foreclosed by the decision in *Garrett v. Minard,* supra.

There is a further contention by appellant that the judgment in ejectment should be annulled because the allegations of Minard in his petition were untrue. The truth of these averments was directly involved in the ejectment action and was determined by the judgment in that case. The code permits the setting aside of a judgment for fraud in obtaining it—that is, fraud extrinsic or collateral to the issues tried and decided—

but the falsity of the things alleged or proven which constitute the merits of the case and the basis of the judgment affords no reason for reopening and retrying the case. This was directly adjudged in a case where a party attempted to escape the binding force of a default judgment. (*Loan Co. v. Marks,* 59 Kan. 230.) In that case, as in this, the judgment was attacked on the ground that the averments in plaintiff's petition as to the title of land were false. After stating that the effect of a default is to admit the truth of the averments of the petition, it was said:

"The contention in this case has been, and now is, that the averments in the petition of Caroline Matthews with reference to title were false. Marks now denies that which by his default Dolloff admitted. The very object and purpose of judicial proceedings is to determine the truth or falsity of the allegations of fact of the parties to controversies in the courts, as well as their rights under the law applicable to the facts as finally found. When summoned in an action, the defendant is called on to challenge the truth of any statement of fact which he denies, and the correctness of any claim of right under the law applicable to the facts alleged. If it should be held that a judgment by default is binding only when based on a truthful pleading, there would be very little advantage in making any appearance in actions relating to land unless some present right to use the property should be threatened; for nothing would be lost by the default, and the same defense could be made at any time thereafter." (Page 233.)

The same question was considered at length and supporting authorities cited in *Plaster Co. v. Blue Rapids Township,* 81 Kan. 730. The view adopted there was that when a party has been summoned into court and has had an opportunity to contest an issue which goes into judgment, whether he avails himself of the opportunity or not he is not entitled to have the judgment set aside and be granted another trial of the same issues merely because the facts alleged in the

petition or the testimony offered and upon which the judgment is founded are untrue. There would be no finality in a judgment and no end of litigation if the contrary view were taken. It was stated as a general rule "that an act for which a court of equity will set aside or annul a judgment between the same parties, rendered by a court of competent jurisdiction, has relation to fraud extrinsic or collateral to the matter tried by the first court, not to fraud in the matter on which the judgment was rendered. By the expression 'extrinsic or collateral fraud' is meant some act or conduct of the prevailing party which has prevented a fair submission of the controversy." (*Plaster Co. v. Blue Rapids Township,* 81 Kan. 730, 735. See, also, *McCormick v. McCormick,* ante, p. 31.)

The judgment of the district court is affirmed.