No. 21,027.

J. E. GOODEN, *Appellee,* v. C. E. LEWIS, *Appellant.*

SYLLABUS BY THE COURT.

1. VACATION OF JUDGMENT—*Application of Statute.* It is not a fraud practiced by the successful party, under section 596 of the civil code, for a plaintiff to sue on a note and mortgage defective for want of the signature of defendant's wife, nor for plaintiff to obtain judgment thereon by default.

2. SAME—*Voidable Attachment—Not Fraudulent.* An attachment affidavit is not fraudulent, within the purview of section 596 of the civil code, so as to vitiate proceedings taken pursuant to it, merely because if the attachment had been resisted it might have been shown that the allegations of the affidavit were false. (*Plaster Co. v. Blue Rapids Township,* 81 Kan. 730, 106 Pac. 1079; *Garrett v. Minard,* 82 Kan. 338, 108 Pac. 80.)

3. SAME—*Attachment—Judgment by Default—Truth of Affidavit.* A judgment in an attachment proceeding, entered by default, determines the truth of the attachment affidavit and the propriety of the attachment.

4. SAME—*Insufficient Pleadings—"Unavoidable Casualty or Misfortune."* Facts pleaded in a petition to vacate a judgment examined and held insufficient to constitute an "unavoidable casualty or misfortune pre-

Gooden v. Lewis.

venting the party from defending" within the meaning of section 596 of the civil code.

5. SAME—*Gross Negligence of Applicant.* A litigant ordinarily can not maintain an action to vacate a judgment on the ground of "unavoidable casualty or misfortune," where he was grossly negligent and inattentive to his lawsuit during its entire pendency and for nearly three months after judgment by default was rendered against him.

6. SAME—*Jurisdiction of Court.* The power of the trial court to vacate a judgment before and after the expiration of· the term of court discussed.

Appeal from Kiowa district court; LITTLETON M. DAY, judge. Opinion filed October 6, 1917. Reversed.

*J. W. Davis,* and *O. G. Underwood,* both of Greensburg, for the appellant.

*C. H. Bissitt,* and *John D. Beck,* both of Greensburg, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff, J. E. Gooden, brought this action against the defendant, C. E. Lewis, to vacate a judgment theretofore obtained by Lewis against Gooden.

In this action the petition gives a synopsis of the prior case of *Lewis v. Gooden,* which was an action on two promissory notes and for the foreclosure of a chattel mortgage on a threshing outfit, separator, engine, tank, etc. The action was begun September 24, 1915, and an attachment for the mortgaged chattels was issued and they were levied upon by the sheriff. The answer of Gooden was due on October 20, 1915, but he made default. On January 3, 1916, judgment by default was rendered against Gooden, and the chattel mortgage was foreclosed and the property sold to satisfy the mortgage and the attachment. On January 31, 1916, the sheriff sold the property after proper order of sale and publication, and made his return on the day of sale.

The present action was filed on March 29, 1916, under section 596 of the civil code (Gen. Stat. 1915, § 7500) and on the statutory ground of "unavoidable casualty · or misfortune," which prevented him from defending in the prior case. Gooden pleaded that in August, 1915, he had broken his leg and was confined to a hospital in Hutchinson until October 3, when he returned to his home, but was then unable to walk or attend

to his ordinary duties, and remained unable to walk until after judgment was rendered against him on January 3, 1916:

"That on October 20th, 1915, the answer day in said action, this plaintiff came to Greensburg [the county seat] in an automobile, assisted by an attendant, to see counsel and have answer filed or defense made, but was unable to climb stairways to offices, or to the court house, and on that occasion saw counsel, and understood that counsel would arrange to have said case attended to or have plaintiff notified when to give same further attention. But that counsel so consulted failed to file any answer or to arrange to have same done or to have any notice given to this plaintiff as to what further attention was required of him or when, and that this plaintiff relied upon said counsel attending to said matter for him; that afterward, and on January 3d, when said matter came up for trial, and upon learning of that fact, this plaintiff being unable to attend to the same, had a friend, one Chas. Tanner, phone to said counsel to attend to said cause and procure a continuance till such time as plaintiff, defendant in said action, could be able to attend, and this plaintiff relied upon said request being granted. And further, at said time, January 3d, 1916, the wife of this plaintiff had but the day prior been confined, and plaintiff being unable to procure other help was compelled by the emergency to remain in attendance upon his wife on the 3d day of January, 1916. Thereby and therefore he did not and could not attend in person to said litigation on the 3d day of January, 1916, but relied upon an answer' being filed and said cause continued to some other date for the reasons above set forth."

Other allegations of Gooden's petition were, that the chattel mortgage on the threshing outfit was void because his wife had not signed the mortgage and that the property was his means of livelihood; that the facts in Lewis' affidavit procuring the attachment were false and the evidence supporting the attachment was false and fraudulent; and Gooden's petition categorically traversed all the statutory grounds under which an attachment might issue.

The defendant, Lewis, demurred to this petition, and the overruling of the demurrer gives rise to this appeal.

The pertinent clauses of the civil code, section 596, under which plaintiff sought to maintain this action reads:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made. . . .

"Fourth, for fraud, practiced by the successful party, in obtaining the judgment or order.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"Seventh, for unavoidable casualty or misfortune preventing the party from prosecuting or defending."

There is practically no question of fraud in this case. It was not a fraud for Lewis to sue on the note and mortgage. He fairly put them in issue and fairly obtained judgment thereon. (*Johnson v. Jones,* 58 Kan. 745, 51 Pac. 224; *Wagner v. Beadle,* 82 Kan. 468, Syl. ¶ 1, 108 Pac. 859.) Gooden might have defeated that action if he had set up and proved the defense now pleaded. A judgment is not fraudulent merely because it might have been avoided by making a defense to it or by making some other defense than the one set up.

"A party may have a good defense to an action, but if he fail to make such defense when the case is called for trial, he will not be permitted to come in weeks afterward and say that the judgment was wrong and ought to be set aside, simply because he had a good defense." (*Iliff v. Arnott,* 31 Kan. 672, 674, 3 Pac. 525; *Vail v. School District,* 86 Kan. 808, 811, 122 Pac. 885.)

Neither was the attachment affidavit fraudulent. It might have been untrue. Gooden might have shown its falsity; he might have beaten the attachment if he had assailed it. The validity of the attachment and the affidavit and other evidence supporting it were in issue and the judgment determined the propriety of the one and the truth of the other. (*Plaster Co. v. Blue Rapids Township,* 81 Kan. 730, 106 Pac. 1079; *Garrett v. Minard,* 82 Kan. 338, 108 Pac. 80; 15 R. C. L., p. 705.) It would be an intolerable annoyance to a litigant diligently prosecuting his cause with the aid of attachment proceedings if a defendant might waive a contest over the regularity of the attachment and waive a contest over the truth of the affidavit, and of the evidence upon which it was sought to be maintained and let judgment be taken against him by default, and later in an independent action be permitted to litigate the very essence of the matter about which he had already waived all contest. It has often been declared by this and other courts that there are two ends in view in every lawsuit, the first and more important being that it be decided *right,* but the second, which is only less important than the first, is that it be *decided,* so that there may be an end of litigation. (*Alexander v. Clarkson,* 100 Kan. 294, 297, 164 Pac. 294.)

Did the fact that the plaintiff had broken his leg and the other incidents pleaded by him constitute an "unavoidable casualty or misfortune" preventing him from defending the action, under the terms of the statute? A majority of the

court hold that they do not. His injuries or his wife's confinement would have been good ground for asking a continuance of the action. He might have employed a lawyer to file an answer for him. He did not do so. He says he talked with a lawyer on the day his answer was due, and "understood that counsel would have said case attended to." But plaintiff does not frankly allege that he had employed this lawyer to attend to the case for him. Indeed his petition discloses that plaintiff had not employed this lawyer or any other, since later and on the day set for the trial he sought the aid of a friend to telephone to this lawyer to procure a continuance. This would have been unnecessary if he had already employed a lawyer. It was not shown that he even informed the lawyer as to the nature of his defense or of the facts to be pleaded, or of the indisposition of his wife, or of any other matter which might have been a proper basis for a defense or continuance. It would have been no trouble to have communicated with the trial judge by letter or telephone to ask that the case be postponed. (*Knauber v. Watson,* 50 Kan. 702, 704, 32 Pac. 349; 23 Cyc. 943-946; 15 R. C. L., p. 709.) Plaintiff never did anything until seventy-six days after the judgment was rendered against him. His own pleadings disclose that he was grossly negligent, both before and after judgment. If plaintiff had bestirred himself, or if he had employed a lawyer, he might have had the judgment set aside within the term by a motion to that effect supported by a proper showing or a satisfactory excuse for his negligence, for within the term the whole case was still under the control of the trial court and plaintiff's predicament would still at that time have been redressible at the court's discretion. (*The State, ex rel., v. Sowders,* 42 Kan. 312, 22 Pac. 425; *Sylvester v. Riebolt,* 100 Kan. 245, 164 Pac. 176; *Mulcahy v. City of Moline,* post p. 532.) But after the term at which the judgment was rendered the court had no power to disturb the judgment except in substantial accordance with the provisions of the civil code. (*Welling v. Welling,* 100 Kan. 139, 163 Pac. 635.)

Plaintiff's brief intimates that this proceeding was begun within the term at which the judgment was rendered, but this is an independent action—not a motion in the prior case—and it is not shown that the trial court took any judicial cognizance

of any error, injustice or impropriety in the judgment within the term at which that prior judgment was entered. It was not necessary that the trial court should set aside the judgment within the term, but it was necessary that the court make some disposition of it, either by taking it under advisement, continuing it, or making some other appropriate order concerning it. A litigant can not lay the ground work for nullifying a judgment, nor for delaying his successful adversary after judgment, by merely putting something on file which he utterly fails to call to the court's attention until the term expires.

The rule is settled that a litigant can not invoke the code provision for relief on the ground of "unavoidable casualty or misfortune preventing a defense" where he has been manifestly negligent, guilty of laches, lacking in diligence, careless, hurried, or mistaken in the preparation of his defense, nor on account of the negligence of his attorney. (*Daniel Hill v. Elias Williams,* 6 Kan. 17; *Winsor v. Goddard,* 15 Kan. 118; *Mehnert v. Thieme,* 15 Kan. 368; *Welch v. Challen,* 31 Kan. 696, 3 Pac. 314; *Weems v. McDavitt,* 49 Kan. 260, 30 Pac. 481; *Holderman v. Jones,* 52 Kan. 743, 34 Pac. 352.)

There is not much analogy between the facts pleaded in this case and those in *Gheer v. Huber,* 32 Kan. 319, 4 Pac. 290.

We note the intimation that the lawyer to whom plaintiff spoke about his case on the day his answer was due and to whom he attempted to send a telephone message through the medium of a friend on the day judgment was taken is one of appellant's counsel here. This could only have some significance attached to it if the pertinent facts had been pleaded so that they might have been tested by the demurrer along with the other allegations of his petition.

The demurrer to the petition should have been sustained.

Reversed.