No. 26,785.

E. H. Pattison, *Appellee*, v. The Kansas State Bank et al.,
*Appellants*.

SYLLABUS BY THE COURT.

1. Judgments—*Collateral Attack—Errors in Decision*. A judgment rendered
upon default, where the defendants were duly summoned and the court had
acquired jurisdiction of the parties and the subject matter, is binding upon
them, and errors, if any were committed, in its decision as to the sufficiency
of the pleadings or in its findings upon the facts, must be corrected upon
appeal and are not open to collateral review.

2. Same—*Collateral Attack—Evidence—Admissibility*. In a collateral attack
upon a judgment, an allegation in the petition that plaintiff was the owner
of land, where possession thereof was an essential, warranted the admission
of evidence that the plaintiff held possession of it.

Appeal from Butler district court, division No. 2; George J. Benson, judge.
Opinion filed July 10, 1926. Affirmed.

*J. M. Pleasant*, of El Dorado, for the appellants.

*E. W. Grant*, of El Dorado, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This was an attack upon a judgment on the
ground that it was void. It appears that E. H. Pattison obtained
the judgment on October 18, 1923, enjoining the Kansas State Bank
and the sheriff from selling a tract of land which he held under a
tax title and of which he had possession through a tenant. In the
petition for the injunction it was alleged that Pattison had procured
a valid and legal tax deed under legal proceedings, and that no
creditor of the owner of the legal title had a cause of action to de-
feat the action or prevent the premises from being liable therefor;
that his ownership under the tax deed was paramount and not sub-
ject to any claim of the defendant. It was alleged that the bank
was proposing to sell the land under an attachment process in viola-
tion of his rights and without authority of law. A summons was
served upon the defendants, who made default, and the matter was
presented to the court. It was found on the pleadings and testimony
that the plaintiff was the owner of the land, that it was not sub-
ject to the claims of the defendants, and thereupon a permanent

Judgments, 34 C. J. pp. 516 n. 91, 560 n. 94, 562 n. 21, 563 n. 29; 15 R. C. L.
669. Property, 32 Cyc. pp. 677 n. 95, 678 n. 16.

injunction was granted. On January 30, 1925, a year and three months after the rendition of the judgment, a receiver for the Kansas State Bank filed a motion asking that the judgment and injunction be vacated and held for naught on the ground that the pleadings failed to state a cause of action against the defendants, and recited facts which show that the judgment was void. The petition contained a copy of the tax deed, and it is contended that on its face it appeared to be void for the reason that the acknowledgment thereof did not show the name of the officer and was not acknowledged as required by law. The sale on which the tax deed was based was to begin on September 1, but was not actually made until October 28, fifty-six days too late; further, that it recited a resolution of the board of county commissioners made prior to October 28, adopting the provisions of a certain act, and showed no authority for sale at that time, and based on these alleged defects it is said that the petition alleged no cause of action and therefore the judgment should be set aside.

On the other side it is contended that the receiver showed no interest which entitled him to attack the judgment, that even if the petition was defective the judgment of the court was not void because the court had jurisdiction of the parties and the subject matter, and cannot be set aside in this collateral way even if the petition was subject to attack by demurrer.

The motion of the defendants is a collateral attack upon a final judgment. In the action in which the judgment was rendered, the bank and the sheriff were duly served with process, but did not appear or answer, nor did they appeal from the judgment, and the time for appeal has long since passed. Although they did not assert any rights they may have had, or contest the claims of plaintiff, a judgment by default is now as binding upon the defendants as if they had appeared and contested with plaintiff at every step in the trial. (*Miller v. Miller*, 107 Kan. 505, 192 Pac. 747, and cases cited, 3 Freeman on Judgments, 5th ed., 2690-2692.)

Passing over the objection of plaintiff that the receiver had no right to attack the judgment, and assuming that he had an interest, it must be held that the judgment is not open to the attack that was made. He contends that a cause of action was not stated, in that it did not allege that plaintiff was in possession of the land and insists that possession was essential to a cause of action. Plaintiff did allege that he was the owner of the land, had acquired it by a tax

deed which was regular and valid, and that it was not subject to
any claims of the defendants or to that of any creditor of the former
owner. While there was no specific averment of possession, the
ownership alleged implied that he had the legal title to the land with
all the incidents of ownership, which would include possession, and
also all that was required to defeat the claims of defendant. The
pleading may have been open to challenge by a motion to make
more definite and certain and also to a demurrer, but the averment
was at least such as warranted proof of possession in the trial that
was had. Testimony was produced, but the record does not dis-
close what evidence was received. However, it is stated and not
denied that there was proof that defendant was and had been in
possession of the land for some time previous to the trial. Defects
in the acknowledgment of the execution of the tax deed and sup-
posed defects as to the time when certain steps were taken by the
taxing officers are called to attention; but assuming that there were
real defects it would not warrant the inference that the tax deed
was void. It has been determined that even if the tax deed is so
defective as to be void it at least gives the purchaser rights and
equities in the land, and whether it conveys title or only a lien is
a question for the determination of the court, and if the court
should err in its judgment, from which no appeal is taken, it is con-
clusive upon the parties. (*Brenholtz v. Miller,* 80 Kan. 185, 101
Pac. 998, and cases cited.) Here the court had jurisdiction of the
parties and of the subject matter, and the allegations in the petition
were sufficient at least to invoke the action and deliberation of the
court upon the merits of the case. It did consider and determine
not only the sufficiency of the petition, but also the force of the
evidence, and gave judgment for plaintiff. If the court wrongly de-
cided either as to the facts or the law, its error did not render the
judgment void. The error, if any was committed, must be corrected
upon appeal and cannot be collaterally reviewed. (*Randolph v.
Simon,* 29 Kan. 406; *Clevenger v. Figley,* 68 Kan. 699, 75 Pac. 1001.)
In *Wyandotte County v. Investment Co.,* 80 Kan. 492, 103 Pac. 996,
the syllabus is:

"Where a court has jurisdiction of the subject matter of an action and of
the parties, a petition which alleges sufficient facts to challenge the attention
of the court as to its merits, and to authorize the court to deliberate and act,
is sufficient to sustain a judgment rendered in the action upon evidence, as
against a collateral attack on the ground that the judgment is void; and this

although the petition may have been demurrable on the ground that it did not state facts sufficient to constitute a cause of action."

In the opinion it was said:

"The defendant, having been summoned into court, was compelled to take cognizance of all subsequent proceedings, and if it was aggrieved by the action of the court its remedy was by appeal; and it could not lie dormant until all remedy in the way of appeal had become unavailable and then go into court and ask that the judgment be set aside as void." (p. 495. See, also, *Johnson v. Jones*, 58 Kan. 745, 51 Pac. 224; *Horner v. Ellis,* 75 Kan. 675, 90 Pac. 275; *Brumbaugh v. Wilson,* 82 Kan. 53, 107 Pac. 792; *Garrett v. Minard,* 82 Kan. 338, 108 Pac. 80; 15 R. C. L. 864; 1 Freeman on Judgments, 5th ed. 761.)

The judgment is affirmed.