No. 28,163.

A. C. IRVINE, *Appellee,* v. O. K. EYSENBACH et al., *Appellants.*

(267 Pac. 995.)

Opinion filed June 9, 1928.

*Chester Stevens,* of Independence, for the appellants.

*S. H. Piper* and *Thurman Hill,* both of Independence, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The appellants, defendants named above, commenced this proceeding under section 60-2530 of the Revised Statutes to open a judgment which had been rendered against them by default on publication notice and to permit them to defend in the action. The application came on for hearing, when the court made an order sustaining an objection to the introduction of any evidence to sustain the application to open the judgment. From that order the defendants appeal.

The judgment by default in favor of the plaintiff and against the defendants was rendered April 30, 1927. The petition to vacate the judgment and the answer of the defendants in the action were filed on April 30, 1927. The petition to open the judgment alleged that the defendants were residents of Oklahoma; that they were served by publication notice only; that they had a defense to the action; that the judgment had been procured by fraud; and—

"That these defendants were prevented by an unavoidable casualty and misfortune from filing an answer in this case for the reason that they were advised, informed and believed that the answer day in the publication notice was April 27, 1927, and, therefore, believing and relying upon the fact that the last day to answer was on the 27th day of April, 1927, instead of the 21st day of April, 1927, and did not file, or cause to be filed, an answer in said action setting up their respective defenses thereto."

The petition to vacate the judgment further alleged—

"That said judgment was obtained by the plaintiff through his fraud in this, to wit: That his entire claim for all work, labor and material, as alleged by him, amounts to the sum of seven hundred thirty-nine and 18/100 ($739.18) dollars, and that he fraudulently alleged in his petition that said amount of seven hundred thirty-nine and 18/100 ($739.18) dollars was wholly due and unpaid when, at said time, he knew that he had been paid the sum of one hundred seventy-three ($173) dollars on account thereof. . . .

"That said omission was intentional and was perpetrated by him knowingly and for the purpose of collecting one hundred forty-one ($141) dollars more than he alleges his total claim to be, and that said judgment ought not to be permitted to stand."

■ The first question to be determined is, Did the petition filed by the defendants show that they did not have notice of the action pending against them before the judgment was rendered? The petition to vacate the judgment did not allege that the defendants did not have actual notice of the pendency of the action in time to appear and make their defense. The statute, section 60-2530 of the Revised Statutes, provides that before the judgment shall be opened the applicant shall make it appear to the satisfaction of the court that he had no actual notice of the action in time to appear and make his defense. If these defendants had actual notice of the pendency of the action in time to appear and make their defense, they have no right to have the judgment opened for the purpose of permitting them to defend. That they did not have such notice should have been alleged in their petition to have the judgment opened. Not only was that fact not alleged in their petition, but

facts were alleged which disclosed that the defendants did have notice of the pendency of the action. The defendants in their brief say—

"It is not claimed that the defendants were without actual knowledge of the pendency of the suit. They knew the suit was pending, but thought they had until the 27th day of April in which to answer."

The defendants did not bring themselves within the statute permitting the opening of judgments rendered on publication only. (*Garrett v. Minard,* 79 Kan. 470, 100 Pac. 55; *Wood v. Cobe,* 80 Kan. 496, 103 Pac. 101; *Garrett v. Minard,* 82 Kan. 338, 108 Pac. 80; *McLeod v. Palmer,* 103 Kan. 238, 173 Pac. 533.)

■ Was such fraud alleged in the petition to open the judgment as would justify the court in granting the prayer of the petitioner? The fraud alleged was that in obtaining the judgment plaintiff had alleged that more was due him than was in fact owing to him. He asked for too much and obtained judgment for what he asked. The defendants say they did not owe him that much. That would have made an issue proper to submit to a jury. In *Garrett v. Minard,* 82 Kan. 338, 108 Pac. 80, this court declared that—

"While a judgment may be vacated and a new trial had 'for fraud practiced by the successful party in obtaining it,' it is such fraud as is collateral and extrinsic to the issues involved in the action and on which the judgment was founded, and hence a party against whom a judgment by default was rendered is not entitled to have the judgment set aside and the issues retried because the allegations in plaintiff's petition, which constitute the merits of the case, are alleged to be untrue."

(See, also, *Blair v. Blair,* 96 Kan. 757, 153 Pac. 544; *Gooden v. Lewis,* 101 Kan. 482, 485, 167 Pac. 133; *Marler v. Mortgage Co.,* 111 Kan. 488, 493, 207 Pac. 823; *Potts v. West,* 124 Kan. 815, 262 Pac. 569.)

The fraud alleged was not such as would justify the court in vacating the judgment.

The judgment is affirmed.