No. 29,648.

LAUREL GOODMAN et al., *Appellees,* v. L. W. CRETCHER et al., *Appellants.*

(294 Pac. 868.)

Opinion filed January 10, 1931.

*Leo T. Gibbens,* of Scott City, for the appellants.

*R. D. Armstrong,* of Scott City, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action in ejectment brought by the holder of a sheriff's deed issued in a foreclosure action. The de-

fendant, who is in possession, is the holder of a deed executed by the sole and only heir of the deceased mortgagor. The answer was a general denial and the defense was that the foreclosure judgment was void. The case was tried to the court, a jury being waived, and judgment was rendered for plaintiff, from which defendant appeals, alleging errors in the admission of evidence, the overruling of his demurrer to plaintiff's evidence, the rendition of judgment for plaintiff and .overruling the motion for a new trial.

The contention of the appellant is that the foreclosure judgment is void because neither the mortgagor nor her heirs were made parties defendant in the foreclosure action, and that the amended petition in that action failed to allege her death and name her heirs, and that in the trial of the case no evidence was offered to prove her death nor to show who were her heirs. Appellant contends that it is in effect as if the mortgage had been foreclosed without barring the mortgagor or those holding under her by deed or descent, and cites strong authorities sustaining the contention that under such circumstances the judgment is void, and therefore can be attacked in this way and in an action of this kind.

In the trial of this case the court admitted in evidence, over the objection of the appellant, the amended petition and journal entry in the foreclosure case and proof of the death of the mortgagor, prior to the filing of the amended petition in the foreclosure case. This is the evidence for the admission of which error is assigned.

After an adverse ruling on the demurrer to the evidence the defendant, now appellant, introduced the evidence of the court reporter at the foreclosure trial to establish the fact that there was no evidence introduced upon that trial showing the death of the mortgagor nor the name or names of her heirs.

The amended petition shows that Anna K. Starr, the mortgagor, was not in any way financially involved in the indebtedness which her mortgage was given to secure. Her brother and two sisters were the makers of the note which was the basis of the foreclosure action, and in addition to a mortgage given by the makers of the note on a large body of land which they owned, Anna executed a deed to the land here in question in favor of the holder of the note, in which it was stated it was for further security for the indebtedness of her brother and sisters. It is true the amended petition does not name Anna as a party defendant, nor allege her death nor name her heirs,

but it does make one Minna Starr a party defendant and alleges that she and other defendants claim some interest in the real estate the exact nature of which is unknown to the plaintiff, "but that whatever right, title, interest, estate, claim or lien the said defendants may have in said real estate the same is subject to and inferior to that of the plaintiff." The record further shows and the court found in the foreclosure case that Minna Starr was personally served with summons but made default.

The journal entry in the foreclosure case shows that the court found that the deed given by Anna K. Starr conveying the tract of land here in question was a mortgage to secure the indebtedness of other defendants and that plaintiff was entitled to a foreclosure of such mortgage and a sale of such real estate. A further finding and an order in the journal entry are as follows:

"The said Anna K. Starr died intestate on the .... day of ......, 19.., and that her sole and only heir is Minna Starr and that the said Minna Starr alone is entitled to the equity of redemption in said real estate, and that the other defendants and each of them have no interest in said real estate.

"The period of redemption of said real estate shall be six (6) months and the equity of redemption is hereby given to Minna Starr."

It is further shown in the brief of appellee that Minna Starr appeared with other defendants in the foreclosure case after the sheriff's sale and before confirmation thereof and objected to the confirmation of the sale "for the reason that the journal entry of judgment in said cause erroneously fixed the period of redemption at six months, instead of eighteen months," and that the court set aside the order giving six months for redemption and fixed the period of redemption at eighteen months and then confirmed the sale.

It would seem that if all the appellant's assignments of error were confessed this voluntary appearance of Minna Starr would waive and cure all such defects even to the extent of defects in service and jurisdiction.

"It is true that these parties were not served personally or by publication at the commencement of the proceeding, but their voluntary general appearance was equivalent to personal service and gave the court jurisdiction over them for all the purposes of the litigation." (*Wood v. Cobe,* 80 Kan. 496, 497, 103 Pac. 101.)

"After decree entered against a defendant, based upon service by publication, he appeared and filed a motion to redeem the land in controversy from a lien fixed upon it in the judgment. *Held,* that this act was in effect an appearance in the suit, and that the validity of the judgment could not there-

after be questioned in an action of ejectment by the party filing said motion." (*Baker v. Land Company*, 62 Kan. 79, syl. ¶ 4, 61 Pac. 412.)

The appellant is claiming under Minna Starr, and his right of possession can under no circumstances be higher or greater than that of his grantor.

But was it error to admit in evidence in this case the amended petition and the journal entry of judgment in the foreclosure case and evidence as to the death of Anna K. Starr when the amended petition in that case did not allege her death or name her heirs? If Anna K. Starr had conveyed the land in question by deed executed after giving the mortgage no allegation to that effect would have been necessary in the foreclosure petition. She would not have been named as a defendant, but the name of her grantee would have been put in the list of defendants who claimed an interest in the land being foreclosed, just as the name of Minna Starr was included among the defendants. The law of descents and distribution fixes the ownership of property just as definitely as a deed, and there is no greater necessity for a specific allegation as to how one becomes the owner by inheritance than there is for such an allegation that one is the owner by being grantee in a deed from the former owner.

We do not understand from any of the authorities cited by the appellant that an allegation of death and inheritance is necessary, but we do find that a general allegation that the defendant claims an interest, which is alleged to be inferior to that of the plaintiff, is sufficient.

"Where one, who is not a party to the mortgage or a purchaser from the mortgagor, is joined as a defendant, the usual allegation concerning him is that he has or claims to have some interest in or lien upon the premises, but that such interest or lien, whatever it may be, is subsequent and subordinate to the lien of plaintiff's mortgage." (42 C. J. 86.)

This matter was settled in an early Kansas decision in a foreclosure suit where the petition was held insufficient as to one who was not the mortgagor, and the following reason was given for the ruling:

"There should have been some allegation in the petition showing that Nooner's claim to the property was *junior*, or *inferior*, to the mortgage lien of the plaintiff." (*Short v. Nooner*, 16 Kan. 220, 227. See, also, *Porter v. Schroll*, 93 Kan. 297, 299, 144 Pac. 216.)

Appellant urges that the finding in the journal entry in the foreclosure case with reference to the death of Anna K. Starr, and that Minna Starr was her sole and only heir, was not supported by any

evidence, and there were no issues before the court on which such a finding could be based. None of these points will make the judgment void. The court had jurisdiction of the subject matter and of the parties, which is all that was necessary to prevent the judgment from being void. The failure to allege details as to death and inheritance, and the making of findings by the court without any record evidence to support them, do not render the judgment void, and since this is a collateral attack upon the judgment it cannot be sustained except where the judgment is absolutely void.

"A judgment rendered upon default, where the defendants were duly summoned and the court had acquired jurisdiction of the parties and the subject matter, is binding upon them, and errors, if any were committed, in its decision as to the sufficiency of the pleadings or in its findings upon the facts, must be corrected upon appeal and are not open to collateral review." (*Pattison v. Kansas State Bank,* 121 Kan. 471, syl. ¶ 1, 247 Pac. 643. See, also, *Johnson v. Jones,* 58 Kan. 745, 51 Pac. 224; *Garrett v. Minard,* 82 Kan. 338, 108 Pac. 80; *Miller v. Miller,* 107 Kan. 505, 192 Pac. 747; *Skaer v. Capsey,* 127 Kan. 383, 273 Pac. 464.)

In the case of *Rennolds v. Guthrie,* 103 Kan. 829, 177 Pac. 359, it was held:

". . . that where a court has jurisdiction of the subject matter of an action and has jurisdiction of the parties thereto, its orders and judgments as to all matters involved in the action are final and conclusive, unless corrected or modified on appeal . . ." (Syl. ¶ 1.)

Any proceeding in which the integrity of a judgment is challenged, except when done in the action wherein the judgment is rendered or by appeal, or in actions to declare the judgment to be void *ab initio,* is a collateral attack. (15 R. C. L. 838.)

In the case of *Davis v. Davis,* 101 Kan. 395, 166 Pac. 515, it was held that in an action to recover the possession of real property an attack on a judgment which is a part of the chain of title of one of the parties is a collateral attack.

There can be no question but that the defense herein is a collateral attack upon the judgment in the foreclosure case and that such judgment was not void, and therefore the attack cannot be maintained.

There was no error in the admission of the evidence complained of in this case, nor in rendering judgment for plaintiff for possession of the property involved and damages for wrongful detention thereof based upon the judgment in the foreclosure case.

The judgment is affirmed.

MARSHALL, J., not sitting.