JOHN G. MEHNERT, *et al.*, v. THERESA THIEME, *Adm'x; &c.*

MOTION FOR NEW TRIAL; *Accident, and Unavoidable Misfortune.* Where a party acting as his own attorney in a case pending in the district court fails to appear at the time set for trial, and judgment is rendered against him in his absence, and thereafter a motion is filed to vacate such judgment, and grant a new trial, and in support thereof the affidavit of the party is filed, alleging that he lived twelve miles from the court-house; that he had a large amount of stock, and no male help on his place, and was consequently obliged to be home every night; that in order to be present at the trial he rose on that morning between three and four o'clock, attended to his home duties and started with his team between five and six o'clock; that he made no stops on the way, and drove with all possible speed, reaching the court-house about 10 o'clock, and after his case had been called and tried; and that the delay in driving in was caused by the bad and almost impassable condition of the roads, but without showing that the roads were for that season of the year — December — exceptionably bad, or that by an unexpected change they had become suddenly bad, or that the party was not fully aware of their exact condition; *Held*, That this was not such a showing of accident which ordinary prudence could not have guarded against, or of unavoidable misfortune, as required the setting aside of the judgment and the granting of a new trial.

*Error from Bourbon District Court.*

AT the December Term 1873, C. O. F., judge *pro tem.* presiding, *Theresa Thieme*, as administratrix, recovered judgment against *Mehnert* and wife. A new trial was refused, and defendants bring the case here. The facts are stated in the opinion.

*John M. Galloway*, for plaintiffs in error.

*McComas & McKeighan*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The plaintiffs in error were sued upon a promissory note. Mehnert filed an answer in person, alleging part payment to the amount of $166.10, and that after the maturity of the note he and his co-defendant had given a mortgage due in twelve months as security, and that this time had not passed. They made no appearance at the trial, and judgment was rendered for the face of the note and interest. On the same day they, by an attorney, filed a motion to vacate the judgment, and grant them a new trial, on the ground that they were prevented from making their defense by "accident, which ordinary prudence could not have guarded against, and unavoidable misfortune." This motion was overruled, and this is the error complained of. Mehnert's affidavit was the only testimony offered upon said motion. He testified that he filed the answer, and that it was true, that he lived twelve miles from Fort Scott, where the court was in session; that he had a large amount of stock, and no male help on his place, and was consequently obliged to be home every night; that in order to be present in court in time on that morning he rose between three and four o'clock, attended to his home duties, and started with his team for Fort Scott between five and six o'clock, drove with all possible dispatch, and made no stoppages on the road; that he reached the court-house about ten o'clock, and found that the case had been called and disposed of a few minutes prior thereto; that

the delay in driving in was caused by the bad and almost impassable condition of the roads.   Was this accident which ordinary prudence could not have guarded against, or unavoidable misfortune?   It does not appear that the roads were for that season of the year, December, exceptionably bad, or that by an unexpected change in the weather they had become suddenly bad, or that Mehnert did not by frequent travel have full knowledge of their actual condition.   At that time, it is no uncommon thing for country roads to be very rough, and in very bad condition.   Common prudence would dictate that one who was acting as an attorney, and attending to business in court then in session, should not run the risk of getting into court in the morning over such roads from a remote part of the county.   The real difficulty was, that Mehnert was attempting to perform the double part of suitor and attorney.   While this is perfectly proper, yet whoever attempts it subjects himself to the obligations and liabilities of both.   It is the duty of an attorney having business in court to be present during its sessions.   There is his business; there is his work.   Oftentimes that which will excuse the absence of a suitor, will come far short of excusing the absence of his attorney.   Now, Mehnert was acting as an attorney, intrusted with business in the court then in session.   Instead of employing some one to take care of his stock on his farm, and being himself in readiness to attend to his case, he is with full knowledge of his great distance from the court-house, and the almost impassable condition of the roads, attempting to take care of both stock and lawsuit.   He succeeded in the former, but failed in the latter, and failed simply from omitting the ordinary precautions which men take under similar circumstances. *Hill v. Williams*, 6 Kas. 17.

The judgment will be affirmed.

All the Justices concurring.