## J. E. WEEMS v. FRANK McDAVITT.

1. CASE-MADE—*Amendments as Exhibits.*  Amendments to a case-made may be attached to and made a part thereof as exhibits, and, when so certified to by the trial judge, become a part of the record.

2. ATTORNEY — *Presence in Court— Case for Trial.*  An attorney having charge of a case in court should.be present when the same is assigned for trial, unless a stipulation to hear it some other day has, with the approval of the court, been agreed upon by the respective parties.

3. JURY TRIAL — *Waiver.*  A defendant, by not appearing at the time a case is assigned for trial, waives the right to a trial by jury, and the introduction of evidence in his absence.

*Error from Sedgwick Common Pleas Court.*

THE material facts are stated in the opinion.

*Milton Brown*, for plaintiff in error:

1. In the certificate to the case-made, the trial judge only certified that the case-made, "as above set forth, is true and correct, and contains a true and correct statement of the pleadings, orders, proceedings, evidence and judgments had in said cause." The words "above set forth," in connection with the fact that there is no statement whatever in the case-made that these amendments were allowed, settles the question that the trial judge did not overrule Weems's objection to these amendments, and only certified that which preceded the certificates as constituting a true and correct statement of the case. See *K. P. Rly. Co. v. Simpson*, 11 Kas. 494; *Weeks v. Medler*, 18 id. 425; *M. K. & T. Rly. Co. v. Roach*, 14 id, 593; *Dowell v. Williams*, 33 id. 325.

We therefore insist that all that which follows after the certificate to the case-made is not a part thereof.

2. The court below undoubtedly erred in not sustaining the motion for new trial upon the grounds of irregularity in the proceedings of the court, abuse of discretion on the part of the court, and unavoidable casualty, rendering it impossible for the defendant to make his defense. It is certainly shown that Mr. Haste, the attorney for Weems in the court below, used all possible diligence, and hence no *laches* can be laid at Weems's door. This case has upon its face some appearance of "sharp practice," and this court has only affirmed the doctrine of all other courts when it laid down the rule that "sharp practice in winning a lawsuit is not to be encouraged." *Insurance Co. v. Hillmer*, 42 Kas. 287. And this court has repeatedly held that in cases prematurely tried new trials thereof should be granted. See *Railroad Co. v. Town-Site Co.*, 42 Kas. 116; *Sanders v. Hall*, 37 id. 271; *Barons v. Anderson*, 37 id. 399.

3. There was error in calling the case for trial under the circumstances shown in the record. This error is really embraced in the assignment of errors that the court erred in overruling the motion of plaintiff in error for new trial.

4. There was error in taking testimony in the absence of the plaintiff in error or his attorney. This error might be said to also be embraced within the error in overruling the motion for new trial; but it might be enlarged upon in calling the attention of this court to the fact that the irregularities were not only gross, but were of such a nature as to show that the trial court acted without any discretion whatever; and in view of the assurance given to Mr. Haste, one of the attorneys for Weems, that the case would not be called, that the defendant thereby was placed in such a position that it could be fairly said to come within the term of unavoidable casualty, and under these circumstances the judgment should be reversed and a new trial granted.

5. There was error in receiving testimony and passing upon the case without the intervention of a jury, without the consent of the plaintiff in error or his attorney. There certainly can be no reasonable controversy over the proposition, that under the issues in this case it was distinctively and strictly a jury trial, and a case wherein the right to trial by jury in Weems was inviolate.

6. Under the first ground set up in the motion for a new trial, we claim that, as shown by the journal entry, the court committed grievous and gross error. The right to a trial by jury being inviolate in Weems on the very questions embraced in said order, the court below did not have any lawful right, without the consent of Weems or his counsel, to pass upon said questions and decide them.

7. Under the motion for new trial and the ruling thereon, we claim that, under the third ground thereof and the affidavits supporting the same, that there was such a character of fraud practiced by the prevailing party in obtaining the judgment as to warrant a reversal of the judgment. The case of *Insurance Co. v. Hillmer*, 42 Kas. 292, is directly in point: "A lawsuit is not a game to be won or lost by sharp practices and shuffling devices; the object of judicial investigation is to ascertain the facts, not to suppress them."

*Sturdevant & Sturdevant,* for defendant in error:

The first error complained of by the plaintiff in error is the mechanical construction of the record in this case. The plaintiff in error being the party aggrieved by the ruling of the court below, it was certainly incumbent upon him to prepare the record for this court and to assist the clerk of the court in arranging the record in proper order. He, above all others, is the one whose duty it was to observe the rule so emphatically laid down in his brief, in support of which he misapplies a garbled statement from the opinion in *Dowell v. Williams,* 33 Kas. 325. After the suggesting of amendments, and being present in court at the time of allowing and settling the case, the duty of defendant in error is at an end, and he has a right to intrust to the clerk of the court, with the assistance of plaintiff in error, to follow out the rule so clearly laid down by our statutes in preparing a case-made for the supreme court. We think that plaintiff in error cannot be heard to complain of unprofessional mistakes for which he alone is responsible.

"The making and serving a case-made are the acts of the plaintiff in error; the suggestions of amendments the acts of the defendant in error, and the settling and signing of the case the duty of the judge." *Weeks v. Medler,* 18 Kas. 425. The defendant has fully complied with the above rule, as well also as the rule laid down by § 548 of the code.

The case of *M. K. & T. Rly. Co. v. Roach,* 18 Kas. 592, cited by plaintiff in error, is not in point in this case. From the 11 Kas. 594, the plaintiff in error quotes this rule: "Facts must be stated in the case-made, and not in the certificate of the judge." In the case at bar the record shows the suggestion of amendments, and there being no exceptions to the manner and time of service, they are presumed in law to be regular. "Error is never presumed; it must always be shown; and if not affirmatively shown, it will be presumed that no error has been committed." 11 Kas. 602. And since the defendant has fully complied with § 548 of the code, we think that the

rule that "facts must be stated in the case-made, and not in the certificate of the judge," applies with much greater force against plaintiff in error, because, as before stated, the record nowhere shows, except in the certificate of judge, that any exception was ever taken to the amendments suggested, or that they were not allowed, or were rejected by the court. So it seems, therefore, that the rule quoted from 11 Kas. 594, if it has any application to this case whatever, is clearly against plaintiff in error in the position he occupies. In the case cited by plaintiff in error, 33 Kas. 325, the record shows clearly two sets of amendments, bearing the marks "allowed," "withdrawn," etc. The amendments being not only marked "withdrawn," but being merely attached, without any further evidence of their regularity, is doubtless the reason for the remarks of the court in that case.

The second point raised by plaintiff in error is, "error in overruling the motion of plaintiff in error for a new trial." He cites the court to a statement made to the court by Attorney Haste, and also to the affidavits of R. A. Haste and C. S. Ebey, attorneys in the case. For the purpose of argument only, we admit the statement of Attorney Haste and the affidavits above mentioned to be true. The first question is, Was there a continuance of the cause? or, second, was there such a promise of a continuance as would warrant an ordinarily prudent attorney in risking the chances of a lawsuit? or, third, was there such an assurance of a continuance as would justify an attorney in not being present in court upon the day of trial or resetting of the case? We insist that it is not shown that there was a continuance. The affidavit of Mr. Haste makes the court say that "it would be impossible then to set the case for a certain day, but that the case would not come up Friday, June 7, because the court was behind one day, and that it would not be likely to come up that week; that when it was called, arrangements could be made for a trial day to suit all parties." We insist further, that under the most liberal construction that can be put upon the affidavit, that no fairly-diligent attorney could risk the chances of

an important lawsuit, and afterward be heard to say that he used all possible diligence, and that no *laches* could be laid at the door of his client. *Green v. Bulkley*, 23 Kas. 135; *Masters v. McHolland*, 12 id. 17; *Niehurst v. Thieme*, 15 id. 368.

The affidavit fails to state the name of said material witness, or where he resides, or what he would testify if present; and it fails to show any diligence whatever to secure the attendance of said witness or procure his testimony. On the question of diligence, we cite 14 Kas. 280, and 7 id. 254.

In the verified amended answer set up in this action, plaintiff in error attempts to set out facts showing a failure of consideration, and in said affidavit plaintiff in error offers to prove facts tending to show that said notes were procured by fraud. We contend that, under the pleadings in the case, all of the facts set up in said affidavit would have been incompetent, and could not have been introduced in evidence under the issues as joined. The answer nowhere attempts to charge fraud, and it is a well-known rule that fraud must be alleged specifically, and the facts constituting the fraud must be set out before they can be proven. In support of this proposition, we cite *Railroad Co. v. Comm'rs of Douglas Co.*, 18 Kas. 169.

The third point raised in argument by the brief of plaintiff in error—"error in calling the case for trial under the circumstances shown in the record"—has been sufficiently covered by the foregoing argument.

The fourth point raised—"error in taking testimony in the absence of plaintiff in error's attorney"—and the fifth point —"error in receiving testimony, and passing upon the case without the intervention of a jury, without the consent of the plaintiff in error or his attorney"—may be disposed of together. "Unavoidable casualty" is most assuredly a feigned issue, as there is certainly nothing in the entire record tending to sustain such an issue in contemplation of the law. The mere examination of the pleadings in this case would show that either party would be entitled to demand a jury trial, and, in the absence of any provision of law to the contrary,

it would be error for the court to proceed with the trial without the intervention of a jury. But the code, § 289, among other things, provides that a trial by jury may be waived "by the consent of the party appearing, when the other party fails to appear at the trial by himself or attorney." *Green v. Bulkley*, 23 Kas. 130; *Cohen v. Hamill*, 8 id. 623; *U. P. Rly. Co. v. Horney*, 5 id. 341; *Goff v. Russell*, 3 id. 214.

The order of the court, that the plaintiff below should deposit with the clerk of the court a deed and abstract to the property sold to Weems, and his finding in the judgment that the same was done, was of course unnecessary, but it was not irregular and it was not error; and if the order requiring the defendant in error to deposit the deed subject to the control of the plaintiff in error has any significance whatever, it only shows a disposition on the part of the court to protect the interests and rights of the plaintiff in error, and not to prejudice them. And the right to a trial by a jury having been waived by plaintiff in error by his own *laches* and want of diligence, he cannot now be heard to complain. Civil Code, § 289, and 23 Kas. 136.

The seventh point raised by the plaintiff in error is, "fraud of the prevailing party in obtaining judgment." In answer to this proposition, it will only be necessary to cite *Laithe v. McDonald*, 7 Kas. 254, and *Hill v. Williams*, 6 id. 17.

In the brief of plaintiff in error is a reference made to "sharp practice," with the evident intention of raising an inference not justified by the facts in this case. McDavitt, plaintiff below, was a resident of Denver, Colo., and the one witness familiar with all the facts in this case was a resident of Finney county, Kansas. When the trial day arrived and the case was called, the plaintiff below, with his witness and evidence, was present in court, as was his privilege, and his attorneys were present, as was their duty. No advantage was sought, and none taken. No means were employed, either by plaintiff below or his attorneys, to obtain a judgment in this case, save those guarantied to all litigants by the well-settled and legitimate rules of practice. And what there can be in

this record, the complete record of that proceeding, to cast an implication upon plaintiff below or his counsel, or in conflict with that highly correct and moral principle laid down in 42 Kas. 287, we are unable to see. In the above case a material fact, one constituting a turning-point in the case, had been suppressed by the very party whose duty it was to disclose it— an act bearing no analogy to any act of plaintiff below.

Opinion by GREEN, C.: Frank McDavitt sued J. E. Weems upon two promissory notes, in the district court of Sedgwick county. An answer was filed admitting the execution of the notes, but alleging that there was a failure of consideration. In May, 1889, the case was transferred to the common pleas court, and regularly assigned for trial on the 7th day of June, 1889.

It appears from the record that on the 4th day of June defendant's attorney stated to the court that the counsel in the case had agreed upon a continuance until about the 11th day of June, the particular time to be fixed by the court; that in answer to such statement the court stated that the case would not be tried on Friday, June 7, as shown by the docket, but that, when the case was called, a day could be agreed upon for the trial of the same.

On the 7th day of June the case was called for trial, in the absence of the defendant and his counsel. A jury was waived by the plaintiff, a trial had, and the court rendered a judgment in favor of the plaintiff in the sum of $2,383.06.

The defendant filed his motion for a new trial, based upon the following grounds:

1. Irregularity in the proceedings of the court and the prevailing party, by which the defendant was prevented from having a fair and impartial trial.

2. Abuse of discretion on the part of the court, by which the defendant was prevented from making any defense.

3. Fraud practiced by the prevailing party in obtaining judgment.

4. Unavoidable casualty, rendering it impossible for the defendent to make his defense.

In support of the motion for a new trial, the defendant filed the affidavit of one of his attorneys, which stated in substance that, on the 4th day of June, 1889, he found it impossible to secure the attendance of material witnesses; that he called upon the attorneys for the plaintiff, and obtained their consent for a continuance until the next Wednesday, or some other day the following week, to be fixed by the court; that the court was informed of such facts, and was requested to set the case for Wednesday, June 12; that the court stated that it would be impossible then to set the case for a day certain, but that the case would not come up on Friday, June 7, because the court was behind one day, and that it would not be likely to come up that week; that when it was called, arrangements could be made for a trial day to suit all parties; that relying upon the statements of the court, counsel did not attend court on Friday, June 7, and that he had no notice of the trial until the following day; that he was only absent from his office from 10 to 11:30 o'clock in the forenoon, during Friday, June 7, 1889. This affidavit was followed by another affidavit, showing the nature of the defense.

The motion for a new trial was overruled, and this is assigned as error.

The plaintiff in error first objects to the amendments suggested by the defendant in error being considered as a part of the case-made, because such amendments follow the certificate of the judge, which recites that the case-made, "as above set forth, is true and correct." By a reference to the certificate, it appears that the judge certified that "the foregoing case-made, and the amendments thereto marked 'amendment A' and 'amendment B,' have been duly served, etc., . . . and I hereby settle, allow and sign the same as true," etc. This is all that is necessary, we think, to make the amendments a part of the record.

It is urged that the court erred in not sustaining the motion of the plaintiff in error for a new trial, upon the ground of the

irregularity in the proceeding of the court in calling the case for trial, and in taking evidence in the absence of the defendant, and without the intervention of a jury, where there had been no waiving of a jury by the defendant.

In addition to what has already been stated, it appears from the record that the defendant had requested the court to continue the case to a later date than the 7th of June, but the court refused to grant such continuance, but stated to defendant's counsel, on the 4th day of June, that in the event the case was not reached on the day set for the trial, a time could then be agreed upon when the case should be tried; that on the 7th day of June the case was reached and called for trial, and a bailiff was sent out to find the attorneys of the defendant, and they could not be found.

It further appears from the record, that during the trial of the case one of the defendant's attorneys came into the court room and was informed that the case was on trial, and he interposed no objection.

Upon the record as presented to us, we think the counsel for the defendant below should have been present in court on the day the case was assigned for trial. It must have been evident to counsel that there was to be some disposition of the case on that day — that it was either to be tried or assigned for some other day. According to the affidavit of counsel, "when it was called, arrangements could be made to suit all parties." It was obvious, from this language, that the case was to be called on the day it was assigned for trial, and clearly it was the duty of counsel to have been present, unless a positive arrangement had been made, with the approval of the court, by which the case was continued to a day certain.

"Every one having a matter in litigation before any tribunal, court, or county board must, in order to protect his rights, be present at every session at which the controversy may be determined, until there is a final disposition. He stays away at his peril; and if, during his absence, the matter is disposed of, he can blame no one but himself. This, in many cases, is a great hardship. Many a suitor in the courts has felt it to be so, yet no remedy has as yet been devised."

(*Masters v. McHolland*, 12 Kas. 17; *Mehnert v. Thieme*, 15 id. 368; *Green v. Bulkley*, 23 id. 131; *Turner v. Miller*, 28 id. 50.)

The contention of the plaintiff in error that the district court erred in receiving evidence in the absence of the defendant below, and without the intervention of a jury, is not well founded. If the defendant failed to appear, the court had a right to dispose of the case, and by not appearing at the time the case was assigned for trial he waived his right to a trial by a jury. (Civil Code, § 289; *Green v. Bulkley*, supra.)

The record fails to show that fraud was practiced by the prevailing party in obtaining the judgment, and we do not think there was unavoidable casualty by which the defendant was prevented from making his defense.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.