No. 18,513.

S. J. GILMORE (Revived in the Name of ELIZABETH GILMORE DICKINSON, *Appellant*) V. THE ROYAL SALT COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

NUISANCE—*Salt Dump—Pollution of Water—Injunction—Abatement.* In an action for relief by injunction against the maintenance of a salt dump, resulting from the operation of a salt mine, the petition alleged that it was not protected by any cover, and that the action of the rain and snow caused the salt to dissolve and sink into the soil, resulting in the pollution of the water underlying the plaintiff's land. The court held the salt dump to be a nuisance, but limited the relief to a requirement that it should be provided with a cover. *Held,* that if the character of the dump as a nuisance was due to the absence of a cover, the relief granted was adequate, and this question was one of fact upon which the decision of the trial court is controlling.

Appeal from Ellsworth district court; DALLAS GROVER, judge. Opinion filed April 11, 1914. Affirmed.

*Ira E. Lloyd,* and *N. F. Nourse,* both of Ellsworth, for the appellant.

*Thomas L. Bond,* of Salina, for the appellee.

The opinion of the court was delivered by

MASON, J.: S. J. Gilmore brought action against The Royal Salt Company, alleging that the water underlying his land was contaminated by reason of a dump of refuse salt which it had suffered to accumulate upon its property, and asking relief by injunction. Upon a first trial the district court held that the injury complained of was not actionable and on that ground denied the plaintiff relief. Upon appeal the acts complained of were held to be unlawful, but the question whether an injunction should be granted was committed to the determination of the trial court, "upon the equities of

Gilmore v. Salt Co.

the case, in view of the practical consequences of the wrong and the means available for its correction." (*Gilmore v. Salt Co.,* 84 Kan. 729, syl. ¶ 3, 115 Pac. 541.)   Upon a new trial the plaintiff was awarded an injunction, but appeals from the judgment finally rendered, on the ground that the relief granted is inadequate—that it does not afford a sufficient measure of protection.

The trial court on April 29, 1912, made detailed findings of fact and two conclusions of law—the latter being to the effect that the maintaining of the salt dump was an invasion of the plaintiff's rights, and that the plaintiff was entitled to an injunction.   At the same time the judge entered upon the trial docket a memorandum reading: "Judgment for plaintiff enjoining defendant from maintaining nuisance described in plaintiff's petition. . . . Order of the court that the nuisance be abated within six months from this day."   The plaintiff thereafter prepared a form for a journal entry, reciting among other things that the defendant was enjoined from maintaining the salt dump on the ground, and that an abatement of the nuisance was ordered, so that there should not be, after six months, any of the salt from the defendant's mines resting on the ground.   This form the court refused to approve.   On June 26, 1912, the court approved a form of journal entry reciting that the defendant was enjoined from maintaining the salt dump without a covering, and was required within six months to abate the nuisance, so that after six months there should be no salt dump exposed to the weather, or in such condition that any salt or brine therefrom could sink into the ground and pollute the underflow.   The plaintiff then filed a motion asking that this form should not be followed in the entry of the final judgment.   The motion was denied.

The plaintiff having died, the proceeding is prosecuted by his sole heir, Elizabeth Gilmore Dickinson.

The judgment as recorded is complained of as not conforming to that actually rendered and announced at the time the findings were filed, and as not affording proper protection to the plaintiff. The entry made upon the trial docket by the judge was a mere memorandum, not a formal record. (*Pennock v. Monroe*, 5 Kan. 578.) It served to indicate the general scope of the decision, but did not preclude a subsequent amplification and formulation of details. The statement of the judge as to what was actually decided is necessarily conclusive. The vital controversy is as to the adequacy of the relief granted. The view of the trial court was that the uncovered salt dump constituted a nuisance because the rain would dissolve the salt and cause it to sink into the ground; that this condition could be remedied by providing a cover, so as substantially to shield the salt from the weather; and that the dump would not then be a nuisance. It appears that a cover has been provided, in accordance with the order of the court. The plaintiff contends that even with this cover the dump continues to be a nuisance, because the salt will still be dissolved, permeate the soil, and pollute the water. We think this was a fair matter for the determination of the trial court, which must be regarded as having decided that the covering of the salt would prevent it from being dissolved in such quantities as to work a substantial injury to the owner of the adjoining land. None of the findings is in itself in conflict with this conclusion, but the plaintiff contends that the established facts, considered in connection with the known truths of natural science, necessarily disprove it. We can not accept this view, but regard the entire question as one of fact, upon which the decision of the trial court is final.

It is urged that no issue was framed as to the manner in which the nuisance complained of could be abated, and that no testimony was taken thereon. The petition alleged that the salt dump was not protected by any

cover, and that the action of the rain and snow caused the formation of brine, which sank into the ground. The trial court in deciding that the salt dump, as it previously existed, was a nuisance obviously took account of the conditions that in the judgment of the court made it a nuisance—the lack of any protection against the weather; and having determined that it was a nuisance only by reason of these conditions, held that their removal would change its character in that regard.

The judgment is affirmed.