No. 28,654.

CHARLES W. JOHNSON, Receiver, *Appellee*, v. JAMES H. SALKELD, *Appellant*, et al., *Defendants*.

(271 Pac. 385.)

Opinion filed November 3, 1928.

*J. G. Hutchison*, of Kansas City, Mo., for the appellant.
*John O. Morse*, of Mound City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal from a judgment sustaining a demurrer to a petition filed under the seventh subdivision of section 60-3007 of the Revised Statutes, in which James H. Salkeld, the appellant, asked that the judgment in a real-estate mortgage fore-

closure action be set aside and that he be let in to defend, and alleged in his application that he had been prevented by unavoidable casualty and misfortune from defending before judgment was rendered. The petition of the appellant alleged that neither he nor his wife ever executed, signed, or delivered the note or mortgage sought to be foreclosed by the plaintiff.

The foreclosure action was commenced in June, 1926. Answer day was July 23, 1926. On July 15, 1926, the appellant filed a motion to make the petition more definite and certain, which was overruled, and he was given twenty days in which to answer. On August 13, 1926, he was given another twenty days in which to answer. No answer was filed. On December 6, 1926, judgment of foreclosure was rendered. Order for sale was issued February 28, 1927. The land was sold April 4, 1927. The sale was confirmed April 18, 1927, and on June 14, 1928, the appellant filed his petition asking that the judgment be set aside and that he be let in to defend. The casualty and misfortune on which the appellant relies to set aside the judgment was substantially as follows: That he employed Hubert Lardner, of Fort Scott, to look after and conduct his defense in the action; that Hubert Lardner agreed so to do; that from time to time he conferred with Hubert Lardner concerning the action and his defense thereto until about the 26th day of October; that for some time prior to the last mentioned date, the appellant was in ill health; that he then removed to Jackson county, Mo., for medical treatment and remained there for a number of months; that shortly before removing to Kansas City he conferred with Hubert Lardner concerning the action and the defenses therein, informed Lardner of his purpose to remove to Kansas City, and gave Lardner his Kansas City post-office address; that Hubert Lardner agreed to keep in touch with the appellant and inform him of the time of trial; that before the time of the trial, and before the rendition of the judgment, Hubert Lardner mailed a letter to the appellant, addressed to him in Kansas City, Mo., informing him that Lardner would withdraw from the case, but the appellant did not receive that letter. The appellant in his application stated that he did not learn that judgment had been rendered against him until long thereafter, but did not state when he first learned that judgment had been so rendered.

There is no question about the application to set aside the judgment stating a defense in the action. Was the appellant prevented

by unavoidable casualty or misfortune from presenting his defense before judgment was rendered?

Similar questions have been before the court in *Hill v. Williams,* 6 Kan. 17, 23, 24, where the following language is found:

"The position is wholly destitute of any averment that the plaintiff was prevented from defending 'by unavoidable casualty or misfortune.' Two facts are alleged which are claimed to be unavoidable casualty or misfortune: First, the absence of the plaintiff's attorneys; and, second, the sickness of the plaintiff. . . . There is no averment that he had used diligence to prepare for trial, that he had subpœnaed a single witness, or that he had a witness to prove anything. 'No more engagement of a business character will be received as an excuse for nonappearance of counsel.' (*Post v. Wright,* 1 Caines, 3.)' There is certainly in the petition an entire failure to show that any inevitable casualty or misfortune prevented the appearance of counsel."

In *Welch v. Challen,* 31 Kan. 696, this court declared that—

"Where the plaintiff resides in Kansas and the defendants reside in another state, and the defendants employ an attorney in Kansas to file an answer and to attend to the case, but the attorney never files such answer, but before the time for filing the same has expired leaves the state of Kansas and never returns, and no answer is ever filed in the case, and after more than four months have elapsed after the defendants have made default by not filing an answer a judgment is rendered by default, in favor of the plaintiff and against the defendants, in accordance with the prayer of the plaintiff's petition, and the defendants have no knowledge of the negligence of their attorney, or of the rendition of such judgment until a long time after both have occurred, and the attorney is insolvent, and the defendants have a good defense to the action, *held,* that neither the negligence of the attorney nor his insolvency, nor the defendants' want of knowledge, nor all combined, can be considered such an 'unavoidable casualty or misfortune preventing the party from prosecuting or defending' the action that the defendants may have the judgment vacated under section 568 of the civil code, and they be let in to defend." (Syl.)

A somewhat similar declaration is found in *Holderman v. Jones,* 52 Kan. 743, 34 Pac. 352, as follows:

"The negligence of the party is no ground for a new trial. The negligence of the attorney is the negligence of the party." (Syl. ¶ 2.)

In *Gooden v. Lewis,* 101 Kan. 482, 487, 167 Pac. 1133, the court declared that—

"The rule is settled that a litigant cannot invoke the code provision for relief on the ground of 'unavoidable casualty or misfortune preventing a defense' where he has been manifestly negligent, guilty of laches, lacking in diligence, careless, hurried, or mistaken in the preparation of his defense, nor

on account of the negligence of his attorney. (*Daniel Hill v. Elias Williams*, 6 Kan. 17; *Winsor v. Goddard*, 15 Kan. 118; *Mehnert v. Thieme*, 15 Kan. 368; *Welch v. Challen*, 31 Kan. 696, 3 Pac. 314; *Weems v. McDavitt*, 49 Kan. 260, 30 Pac. 481; *Holderman v. Jones*, 52 Kan. 743, 34 Pac. 352.)"

In *Winsor v. Garrod*, 15 Kan. 118, it was said:

"Where the vacation of a judgment is sought on the ground that, through unavoidable casualty and misfortune, the defendant in the judgment was prevented from making his defense; and where the facts are that defendant left Sumner county, the county of his residence, to go to Miami county, to be absent ten or twelve days, leaving at home his wife and eight children (the oldest son twenty-one years old), was detained on the way by sickness for a week, and did not return for a month, and during his absence suit was commenced before a justice, service made at his usual place of residence, judgment taken, but not taken until the fifteenth day of his absence, and the time to appeal past; and where it does not appear that any effort was made by his family to postpone or defend the suit, or take an appeal, or communicate to defendant the fact of the suit, nor for what purpose his trip was taken, whether business or pleasure, nor why he was detained so much longer than he intended, other than by the week's sickness: *Held*, that there was no unavoidable casualty or misfortune preventing the defendant from making his defense." (Syl.)

Salkeld's petition did not show that he was entitled to have the judgment set aside and be let in to defend.

Another question is presented by the appellant, one not presented to the trial court nor embraced within the judgment from which the appeal has been taken. The appellant has filed a motion asking this court to determine the amount that must be paid on the redemption of the land from the sale. This matter has not been presented to the trial court in any way. The appeal is from the order sustaining a demurrer to the defendant's petition to set aside the judgment. Nothing was said in the judgment on the demurrer about the appellant's right of redemption from the sale. The appellant has the right to redeem from the sale, but he must pay to the clerk of the district court the amount required by statute. Upon tendering that amount to the clerk and the clerk refusing to issue the redemption certificate, the appellant in a proper proceeding in mandamus in the district court or in this court may compel the clerk to receive the money and issue the certificate. That would necessitate an action against the clerk of the district court, who is not before this court. He is not a party to this proceeding nor in any way connected with it.

This court has often said that as a general rule it will not consider

questions not raised and passed upon in the court below. (*Sleeper v. Bullen & Dustin et al.*, 6 Kan. 300; *Koshka v. Railroad Co.*, 114 Kan. 126, 217 Pac. 293.) A number of other Kansas cases might be cited in support of this rule, but it is unnecessary to do so.

In 3 C. J. 689 it is said:

"Subject to a few exceptions which will be noticed hereafter, the rule is of almost universal application that questions, of whatever nature, not raised and properly preserved for review in the trial court, will not be noticed on appeal."

This matter is not presented to this court in such a way as to enable the court properly to determine the question.

The judgment sustaining the demurrer is affirmed. The motion asking the court to determine the amount to be paid on redemption of the land from the sale is denied, but the period of redemption is extended for thirty days from the date of filing this opinion.