No. 34,270

THE STOCKGROWERS STATE BANK, *Appellee*, v. F. M. CLAY
et al., *Appellants*.

(90 P. 2d 1102)

Opinion filed June 10, 1939.

*Walter L. Bullock*, of Dodge City, and *Howard Rooney*, of Amarillo, Tex., for the appellants.

*H. R. Daigh*, of Ashland, for the appellee.

The opinion of the court was delivered by

THIELE, J.: The defendants appeal from an order sustaining a demurrer to their petition to vacate a judgment.

On August 9, 1937, the plaintiff bank sued the defendant, F. M. Clay, to recover on a promissory note. He made default and judgment was rendered against him on September 28, 1937. Execution being returned *nulla bona*, on December 8, 1937, the bank brought an action against F. M. Clay and F. L. Clay and their respective wives to set aside certain deeds from F. M. Clay to F. L. Clay as being in fraud of creditors, and especially the bank. The answer day was January 7, 1938. On January 4, 1938, defendants' attorney Bullock wrote the bank's attorney calling attention to the answer day and asking him to give defendants until February 1 to answer or otherwise plead. Under date of January 7, 1938, the bank's attorney answered he was not in a position to consent, stated that January 14 was motion day and defendant's counsel could present the matter to Judge Miller at that time. On January 14, 1938, neither the defendants nor their counsel appeared and a judgment

by default was rendered in favor of the bank. On March 12, 1938, defendants filed a motion to set aside the judgment, and served notice on plaintiff the same would be presented on March 18. This motion set forth no grounds for the relief asked. On March 18, defendant and plaintiff both being present, the motion was presented, argued and upon consideration was by the court denied. Assuming this was a final order, no appeal was taken in time. We shall, however, not discuss the point. Thereafter, on September 19, 1938, the defendants filed a petition to vacate the judgment of January 14, 1938, it being alleged the judgment was obtained irregularly and that defendants were prevented from defending the action by unavoidable casualty and misfortune. The facts about the correspondence between the attorneys were recited and it was then alleged:

"That it was impossible for the said Bullock to be in Meade, Kansas, on January 14, 1938."

There was no explanation of why it was impossible, nor was there any other allegation tending to show unavoidable casualty or misfortune which prevented defendants from defending the action. It was also alleged that January 14, 1938, was not the first day of any term of the court and no notice was given defendants a default judgment would be taken. On October 7, 1938, plaintiff filed a demurrer to the petition to vacate, and served notice on defendants' counsel the demurrer would be presented to the trial court on October 24, 1938. On that date neither defendants nor their counsel appeared. The trial court heard the plaintiffs, continued the matter to November 10, 1938, and stated he would personally notify defendants' counsel the matter would be further considered at that time. On November 10, 1938, the defendants made no appearance, either personally or by counsel, and the trial court found the demurrer should be sustained, and so ordered.

The defendants' notice of appeal states defendants appeal from the order sustaining the demurrer, and from all judgments, orders and decisions adverse to the defendants. The only specification of error stated is that the trial court erred in granting judgment in favor of plaintiff and against defendants without giving defendants at least three days' notice of the hearing. If we confine our attention to the specification, the appeal is too late, for the judgment was rendered January 14, 1938, and the appeal was not perfected until January 6, 1939. (G. S. 1937 Supp. 60-3309.) Defendants' brief

is confined to the ruling on the demurrer to the petition to vacate, and we shall notice it.

The claimed irregularity is that judgment was taken on a day other than the first day of the term and that three days' notice of intention to take the judgment was not given. Rule 48 of this court is cited. It does not apply, for no counsel for defendants had appeared of record when the judgment was taken. Furthermore, defendants' counsel had been notified in writing by plaintiff's counsel that consent to further time to answer or plead would not be given and that the matter could be presented to the court on January 14. We shall not say that letter would be sufficient as a notice judgment would be taken. It does make clear plaintiff's refusal to consent to further time. Defendants did not answer or plead in any manner, nor did they ask for further time, and they were wholly in default.

On the ground that defendants were prevented by unavoidable casualty or misfortune from defending the action, there is little to be said. Defendants' counsel said he could not be in Meade on January 14, 1938, and no more. That did not prevent the filing of an answer or other pleading prior to the answer day, nor did it prevent defendants from seeking an extension of time from the court. Nor, taken alone, does it present any legally sufficient showing under the applicable statute (G. S. 1935, 60-3007 [7]).

In *Hill v. Williams*, 6 Kan. 17, it was held that:

"When 'unavoidable casualty or misfortune' is alleged, the facts must be so stated as to make it appear that no reasonable or proper diligence or care could have prevented the trial or judgment; that is, that the party complaining is not himself guilty of any laches." (Syl. ¶ 3.)

The rule thus early stated has been followed consistently. Later cases bearing on the question are *Wilson v. Jones*, 107 Kan. 365, 191 Pac. 580; *Kircher v. Kircher*, 111 Kan. 551, 207 Pac. 779.

The trial court properly sustained the plaintiff's demurrer to defendants' petition to vacate the judgment of January 14, 1938, and its ruling thereon is affirmed.