No. 42,407

ANCHOR SAVINGS AND LOAN ASSOCIATION, a Corporation, *Appellee,* v. JOHN DYSART and LUCILE DYSART, His Wife, *Appellants.*

(368 P. 2d 293)

Opinion filed January 20, 1962.

*Samuel C. Jackson,* of Topeka, argued the cause, and *Elisha Scott, John J. Scott,* and *Charles S. Scott,* all of Topeka, were with him on the briefs for the appellants.

*Everett Fritz,* of Kansas City, argued the cause, and *Frank Menghini,* of

Kansas City, and *William E. Stillings,* of Atchison, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This case stems from a mortgage foreclosure action and is here on appeal from an order of the trial court refusing to vacate a default judgment rendered against the defendants in the court below.

The pertinent facts, events and circumstances necessary for a proper understanding of the appellate issues involved may be stated thus:

On October 22, 1957, John and Lucile Dysart (defendants) were the owners of Lot 4, Block 28, L. C. Challiss Addition to the City of Atchison. On that date they obtained a loan from Bernard Beck, d/b/a Better Living Construction Company. As evidence of the loan they gave Beck their promissory note in the sum of $2,300.40 and to secure its payment they made, executed and delivered to him their mortgage deed covering the above described property. On the same date Beck assigned the note and mortgage to the Anchor Savings & Loan Association (plaintiff), for a valuable consideration. Thereafter, and on October 28, 1957, the mortgage and the assignment thereof were recorded in the office of the Register of Deeds of Atchison County.

Plaintiff commenced action against the defendants on June 26, 1958, for judgment on the note and foreclosure of the mortgage for defendants' failure to make payments in accord with the terms of such instruments. It is conceded service of summons was had on the defendants as of that date, advising them that they must answer the petition filed by the plaintiff against them on or before July 28, 1958, or such petition would be taken as true and judgment rendered against them for the amount of the note, interest, taxes, foreclosure of the mortgaged real estate, the sale of such real estate to satisfy the indebtedness, and other proper relief.

Thereafter, and on December 12, 1958, no motions or pleadings having been filed by the defendants in defense of the action—and at a time when, according to the district judge, the only thing in the case to show defendants were, or had been, represented by counsel was the name of Robert F. Duncan (an attorney) endorsed on the trial docket sheet under date of November 26, 1958—the district court found the defendants were wholly in default and

rendered the involved default judgment against them in accord with the prayer of plaintiff's petition.

More than eighteen months after rendition of the foregoing judgment, to be exact on July 2, 1960, the defendants, through the attorneys who now represent them in this appeal, filed a petition, verified by affidavit, to vacate such judgment in which they alleged they were filing that pleading under the following provisions of G. S. 1949, 60-3007:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made:

. . . . . . . . . . . . . . .

"*Third.* For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order.

. . . . . . . . . . . . . . .

"*Seventh.* For unavoidable casualty or misfortune preventing the party from prosecuting or defending."

So far as required for disposition of this appeal further allegations of such petition charged in substance (1) that the judgment in question was irregular and should be vacated because it was granted in violation of Rule No. 48 of this court (G. S. 1949, 60-3827) without a motion having been filed by the plaintiff for a judgment by default and (2) that such judgment should be set aside for the reason that defendants were prevented by unavoidable misfortune from defending against the demands of the plaintiff in its petition as defined by the *Seventh* subdivision of 60-3007, *supra.*

Plaintiff joined issues by an appropriate answer on the claims advanced by defendants in their petition to vacate the judgment whereupon, after a hearing on those issues, at which all parties adduced evidence, the court found that the petition to vacate the judgment should be denied and entered its judgment and order accordingly. Thereupon defendants perfected the instant appeal.

The first claim of error presented by appellants is that the default judgment obtained by appellee against them on December 12, 1958, was an irregularity within the meaning of G. S. 1949, 60-3007, *Third.*

In support of their position on this claim appellants first point out that under our decisions (see, e. g., *Babb v. City of Wichita,* 172 Kan. 416, 241 P. 2d 755; *Dearborn Motors Credit Corporation v. Neel,* 181 Kan. 598, 313 P. 2d 243; *Becker v. Roothe,* 184 Kan. 830, 339 P. 2d 292) an irregularity within the meaning of G. S. 1949,

60-3007, *Third,* authorizing vacation of a judgment for irregularity in obtaining judgment, is the want of adherence to some prescribed rule or mode of procedure; and it consists either in omitting to do something that is necessary for the due and orderly conduct of a suit, or doing it in an unreasonable time or improper manner.

We have no quarrel with the sound and salutary rule of the foregoing decisions, where the facts of a given case warrant their application. Nevertheless, in determining their applicability, the test to be applied in all cases is the want of adherence to some prescribed rule or mode of procedure on the part of the trial court in rendering the judgment in question.

In further support of the claim now under consideration appellants direct our attention to Rule No. 48 (G. S. 1949, 60-3827) which reads:

"In all causes or matters in which adverse counsel has appeared of record, *no default judgment shall be rendered except upon motion and the giving of at least a three days' notice to such adverse counsel of the hearing thereof: Provided,* This rule shall not apply to the first day of a regular term of court fixed by the statute." (Emphasis supplied.)

And, conceding as they must, the undisputed facts of record make it affirmatively appear that at the time of the rendition of the judgment Mr. Duncan's name had not been entered of record in the appearance docket of the clerk of the district court as attorney for the appellants in the action and no motions or pleadings had been filed in such action in their behalf in the office of that official, appellants next raise the question that, since the judgment was not rendered on the first day of a regular term of court fixed by the statute, the subscription of the name of Mr. Duncan on the trial court's docket sheet as attorney for appellants made the above quoted rule applicable and compels a conclusion the trial court erred in rendering the default judgment without requiring appellee to comply with the particular portions thereof, hereinabove underlined for purposes of emphasis and present identification.

Appellants cite no decisions supporting their position on the question thus raised by them and an extended examination of our cases discloses no case dealing with the force and effect to be given the heretofore quoted provisions of Rule 48 in a proceeding to vacate a default judgment, under conditions and circumstances such as are here involved. We therefore approach such question as one of first impression, mindful as we do so that this court has always

promulgated and adopted its rules with full recognition of, and an intent to conform with, the settled law of the state as laid down and established by its prior decisions.

Turning to the decisions it may be said that this court long ago held that the minutes made by the judge of the court upon his trial docket constitutes no part of the record of the case (see *Pennock v. Monroe,* 5 Kan. 578) and in subsequent decisions (*Gilmore v. Salt Co.,* 92 Kan. 18, 20, 139 Pac. 1168; *Gates v. Gates,* 160 Kan. 428, 431, 163 P. 2d 395) to which we adhere, approved the decision in the *Pennock* case and definitely established the principle therein announced as the settled law of the state.

Therefore when Rule 48 is considered on the basis of intention of the court in promulgating and adopting it we hold that it is to be construed as having application only to situations where adverse counsel has caused his name to be entered in the appearance docket in the office of the clerk of the district court in which the action is pending or has filed some motion or pleading in the action for and on behalf of the parties represented by him.

In view of what has been heretofore stated and held it necessarily follows that appellants were not represented by counsel of record at the time the default judgment was rendered and the fact such judgment was rendered without regard to the provisions of Rule 48 did not afford them grounds for relief under the provisions of G. S. 1949, 60-3007, *Third.*

In reaching the conclusion just announced we have not overlooked the contention, strenuously argued by appellants, that *Potter v. Rimmer,* 173 Kan. 633, 250 P. 2d 771, fully supports their position the trial court was required to comply with the provisions of Rule 48 under the facts and circumstances existing at the time it entered the judgment. We do not agree. The trouble from their standpoint is that an examination of the opinion in that case (pp. 634 and 635) makes it clearly appear that at the time the default judgment there rendered was entered by the court the defendants in that case were represented by counsel of record who had filed an answer and counter-claim in their behalf in the office of the clerk of the court long prior to the date of the judgment.

We shall not burden our reports with contentions advanced by appellants with respect to their claim they were prevented by unavoidable misfortune, as defined by 60-3007, *Seventh,* from defending the foreclosure action. Nor will we detail the evidence

adduced by them on such point. It suffices to say that, after carefully considering all the evidence adduced with respect thereto, we are convinced, as the trial court must have been, that appellants were more interested in delaying that action than in defending it. Moreover, we are satisfied the evidence, when carefully analyzed and surveyed in its entirety, brings appellants squarely within the well-established rules announced in *Gooden v. Lewis*, 101 Kan. 482, 167 Pac. 1133, where it is held:

"A litigant ordinarily can not maintain an action to vacate a judgment on the ground of 'unavoidable casualty or misfortune,' where he was grossly negligent and inattentive to his lawsuit during its entire pendency and for nearly three months after judgment by default was rendered against him." (Syl. ¶ 5.)

And in the opinion said:

"The rule is settled that a litigant can not invoke the code provision [now G. S. 1949, 60-3007, *Seventh*.] for relief on the ground of 'unavoidable casualty or misfortune preventing a defense,' where he has been manifestly negligent, guilty of laches, lacking in diligence, careless, hurried, or mistaken in the preparation of his defense, nor on account of the negligence of his attorney. (*Daniel Hill v. Elias Williams*, 6 Kan. 17; *Winsor v. Goddard*, 15 Kan. 118; *Mehnert v. Thieme*, 15 Kan. 368; *Welch v. Challen*, 31 Kan. 696, 3 Pac. 314; *Weems v. McDavitt*, 49 Kan. 260, 30 Pac. 481; *Holderman v. Jones*, 52 Kan. 743, 34 Pac. 352.)" (p. 487.)

For more recent decisions supporting the rules to which we have just referred see *Kircher v. Kircher*, 111 Kan. 551, 207 Pac. 779; *Johnson v. Salkeld*, 126 Kan. 807, 809, 271 Pac. 385; *First Colored Baptist Church v. Caldwell*, 138 Kan. 581, 583, 27 P. 2d 239; *Stockgrowers State Bank v. Clay*, 150 Kan. 93, 95, 90 P. 2d 1102; *Renner v. Black*, 150 Kan. 834, 839, 96 P. 2d 626.

Arguments advanced by appellants concerning the overruling of their motion for a new trial present nothing new and what has been heretofore stated compels a conclusion the trial court did not err in denying their petition to vacate the default judgment. Therefore the order and judgment from which appellants have appealed must be and is affirmed.

It is so ordered.