No. 43,527

JAMES H. GOLDSBERRY, *Appellee*, v. BEN E. ELLIS, *Appellant*.

(391 P. 2d 45)

**Opinion** filed April 11, 1964.

*Earl C. Moses, Jr.*, of Great Bend, was on the brief for the appellant.

*Vincent G. Fleming*, of Larned, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the trial court refusing to vacate a judgment. The pertinent facts follow.

On August 6, 1962, defendant was incarcerated in the county jail. On August 8 plaintiff (appellee) James H. Goldsberry brought this action against defendant (appellant) Ben E. Ellis to recover $1,240 for salary and commissions due him from defendant. Summons was issued and served on defendant.

At the time of his incarceration defendant was operating the Lois Motor Company and had placed in charge of the business one Theron Randall and defendant's wife. During the pendency of the action defendant, his wife and his manager, Randall, had a conference and worked out a settlement of plaintiff's claim. Defendant's wife negotiated the plan of payment of the claim and defendant's manager signed the settlement papers. Neither the defendant nor anyone on his behalf ever entered an appearance in the action.

Subsequently, on October 2, 1962, judgment was rendered by default in favor of the plaintiff and against the defendant for the full amount of the claim, less credit for the payments which were made by defendant's wife in partial compliance with the agreed settlement.

On October 16 the defendant filed a petition in the same action to vacate the judgment rendered by reason of unavoidable casualty or misfortune (G. S. 1949, 60-3007, *Seventh*) preventing him from defending the action for the reason of his incarceration in the county jail.

From an order of the trial court denying defendant's petition to vacate the judgment, he appeals.

We will not burden our reports with contentions advanced by defendant with respect to his claim that due to unavoidable casualty and misfortune he was prevented from defending the action. Suffice it to say that the rule is settled in this state that a litigant cannot invoke the code provision (G. S. 1949, 60-3007, *Seventh*) for relief on the ground of unavoidable casualty or misfortune preventing a defense where he has, during the entire pendency of the action, made no appearance and has been manifestly negligent, guilty of laches, lacking in diligence, careless, hurried, or mistaken in the preparation of his defense. (*Gooden v. Lewis*, 101 Kan. 482, 167 Pac. 1133; *Anchor Savings & Loan Ass'n v. Dysart*, 189 Kan. 147, 152, 368 P. 2d 293, and cases therein cited.)

In *Stockgrowers State Bank v. Clay*, 150 Kan. 93, 95, 90 P. 2d 1102, in quoting from *Hill v. Williams*, 6 Kan. 17, it was stated that

when unavoidable casualty or misfortune is alleged, the facts must be so stated as to make it appear that no reasonable or proper diligence or care could have prevented the trial or judgment; that is, that the party complaining is not himself guilty of any laches.

The record discloses that defendant was served by summons; that he employed no attorney and made no appearance but utterly disregarded the action. He sought no relief from the court by way of an appearance. He sought no continuance but entered into a settlement of the action through his manager and wife, and the judgment was entered in accordance therewith. Under such facts it cannot be said he was denied the right to defend the action by reason of unavoidable casualty or misfortune.

In view of what has been said, the judgment of the trial court must be affirmed.

It is so ordered.

FONTRON, J., not participating.