Matthias, J.
The primary question presented by this appeal is whether a trial court on discovering after term that it made an error in its application of the law in its judgment may on motion by a party vacate such judgment and enter a new one.
This cause arose as a proceeding to determine heirship during the administration of an estate. Generally the administration of an estate is a continuing process until the termination thereof by the approval of the final account. However, a proceeding to determine heirship, although it occurs during and might be said to be a part of the administration of the estate, nevertheless is a special proceeding subject to all the rules of civil procedure, including those relating to vacation of judgments and appeals.
In the present case, the court erred in its application of the law to the facts and on such basis vacated and modified its prior judgment after term.
The power of a court to vacate or modify its own final judgments after term is not unlimited, but in the absence of a void judgment it is limited and governed by the provisions of Section 2325.01, Revised Code, which sets forth the authority of the court and the grounds upon which it may vacate a judgment after term. Section 2101.33, Revised Code, provides that “the Probate Court has the same power as the Court of Common Pleas to vacate or modify its orders or judgments. ’ ’ The pertinent parts of Section 2325.01 in relation to the present case are as follows:
“The Court of Common Pleas or the Court of Appeals may vacate or modify its own final order, judgment, or decree after the term at which it was made:
Í ( # # #
“(C) For mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order * *
There was no mistake, neglect or omission by the clerk in the instant case. The only question is whether there was an irregularity in obtaining the judgment.
The Probate Court determined that it erred in its application of the law to the facts, and, thus, the basic question which must be determined is whether such judicial error constitutes *302 an irregularity for which a judgment may be vacated after term.
Irregularities for which a judgment may be vacated after term as contemplated by Section 2325.01, Revised Code, relate to a failure to adhere to the prescribed rule or mode of procedure for the orderly administration of justice, either in failing to do something that is necessary for the orderly conduct of the action or doing it at an unseasonable time or in an improper manner. Such an irregularity must appear on the face of the record and be something which, although it does not render the judgment void, does affect the basic validity of the judgment. Ealy v. McGahen, 37 N. M., 246, 21 P. (2d), 84; Babb v. City of Wichita, 172 Kan., 416, 241 P. (2d), 755; Carr v. Carr (Mo.), 253 S. W. (2d), 191; In re Ellern, 23 Wash. (2d), 219, 160 P. (2d), 639; Wooten v. Friedberg, 355 Mo., 756, 198 S. W. (2d), 1; Anchor Savings & Loan Assn. v. Dysart, 189 Kan., 147, 368 P. (2d), 293; and Becker v. Roothe, 184 Kan., 830, 339 P. (2d), 292.
Error in the application of the law to the facts in the rendition of a judgment is judicial error and is a matter which must be raised by appeal and is not an irregularity in obtaining the judgment within the meaning of Section 2325.01, Revised Code, relating to the vacation of judgments after term. Ealy v. McGahen, supra; State, ex rel. Caplow, v. Kirkwood, Judge (Mo. App.), 117 S. W. (2d), 652; and 1 Freeman on Judgments, 434, Section 221.
Appellants contend also that the failure to send each heir a copy of the journal entry constituted an irregularity for which the judgment should be set aside. There is no statute or rule which requires a court to supply the parties with copies of its entries. The parties herein were aware that the court had acted, and the burden was upon them to investigate the court’s holding and to raise promptly any objection which they might have to such holding.
Appellants raise also questions as to the improper designation of the relationship of certain of the heirs and the filing of the family tree after the petition was filed instead of attaching it to the petition. The court, prior to the time it entered into a consideration of this matter, had a full statement of all *303 the facts, including the family tree. There was no irregularity in this respect which would affect the validity of the judgment.
The final argument of appellants is that the Court of Appeals erred in reversing the judgment of the Probate Court, on the ground that it was contrary to law, without first making a finding that the judgment was against the weight of the evidence.
The Court of Appeals found, as a matter of law, that the Probate Court exceeded its powers when it vacated the judgment. There was no disputed question of fact involved. The appeal was concerned strictly with questions of law. By making its finding, there was no need for the Court of Appeals to weigh the evidence; it would have been a useless act since the court found as a matter of law that the Probate Court did not have the power to vacate the judgment.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, O’Neill, G-rifeith, Herbert and Gibson, JJ., concur.